[Cite as *State v. Bullis*, 2022-Ohio-159.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                                :

     Appellee,                              :          CASE NO. CA2021-06-024

     - vs -                                      :          O P I N I O N
                                                                    1/24/2022
                                                 :

JEFFERY BULLIS,                            :

     Appellant.                            :

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2020TRC02841

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

Gary A. Rosenhoffer, for appellant.

**PIPER, P.J.**

{¶1}    Appellant, Jeffery Ray Bullis, appeals a decision of the Clermont County Municipal Court denying his motion to set aside the criminal forfeiture of his vehicle.

{¶2}    On March 5, 2020, Bullis was charged via complaint with operating a vehicle while under the influence ("OVI") in violation of R.C. 4511.19(A)(1)(a) and (d).  The citation arose from Bullis' operation of his 2017 Mazda Station Wagon (the "2017 Mazda") while

impaired.

{¶3} The arresting officer provided Bullis with a BMV Form 2255 at the time of his arrest, which Bullis signed before the arresting officer and a state trooper. Form 2255 details the reason for Bullis' arrest and states the officer completed certain vehicle sanctions, including seizing Bullis' license plates and vehicle. Form 2255 further indicates that Bullis' vehicle, i.e., the 2017 Mazda, was subject to forfeiture. The back of the form states "if you are convicted of or plead guilty to OVI, the court may issue * * * an order for the criminal forfeiture of the vehicle to the state." Upon signing the form, Bullis acknowledged that the back of Form 2255 was read to him.

{¶4} On March 11, 2020, Bullis attended his arraignment and entered a not guilty plea. Over the following months, the matter proceeded to discovery and was continued several times. On May 12, 2020, the trial court continued the matter for three weeks, by agreement of counsel, in order for the "state to contact OSP RE: car." On June 3, 2020, the trial court continued the matter for an additional three weeks because the "state [was] awaiting word from OSP RE: car."

{¶5} On July 27, 2020, Bullis pleaded guilty to OVI in violation of R.C. 4511.19(A)(1)(a) and the remaining charges were dismissed. Two days later, on July 29, 2020, the trial court held a hearing and sentenced Bullis to 360 days in jail, with 300 days suspended, imposed a fine and court costs, suspended driving privileges for a period of ten years, and placed him on community control for a period of three years.

{¶6} That same day, the trial court entered a vehicle forfeiture order, which states the 2017 Mazda was involved in the offense and that forfeiture of the vehicle was required pursuant to Ohio law. The trial court indicated that the Ohio State Highway Patrol was authorized and ordered to take possession of the 2017 Mazda and to dispose of it in accordance with R.C. 4503.234(C). On August 4, 2020, the trial court issued a nunc pro

tunc vehicle forfeiture order, which corrected the original order's recitation of the vehicle's identification number.

{¶7} Approximately four months later, on November 23, 2020, Bullis moved the trial court to set aside the vehicle forfeiture. In his motion, Bullis argued the trial court was required to make "fact-based findings as to issues of proportionality and hardship related to any order of forfeiture," and that it was unclear from the record whether the trial court undertook a proportionality review as to the "propriety of forfeiture" in this case. The trial court held a hearing regarding Bullis' motion and considered written arguments from both parties.

{¶8} On May 5, 2021, the trial court issued a decision and entry denying Bullis' motion in its entirety. Bullis now appeals, raising two assignments of error for our review. For the ease of discussion, we will address Bullis' assignments of error together.

{¶9} Assignment of Error No. 1:

{¶10} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO ADJUDICATE WHETHER THE OHIO OVI MOTOR VEHICLE FORFEITURE STATUTE CREATES AN UNCONSTITUTIONAL EXCESSIVE FINE OR PUNISHMENT.

{¶11} Assignment of Error No. 2:

{¶12} PRIOR TO CRIMINAL FORFEITURE, A JUDGE OR TRIAL COURT MUST UNDERTAKE A PROPORTIONALITY REVIEW WITH REGARD TO THE PROPRIETY OF FORFEITURE.

{¶13} On appeal, Bullis challenges the trial court's denial of his motion to set aside the forfeiture of his vehicle. Specifically, Bullis argues that Ohio's OVI statute is unconstitutional, and that the criminal forfeiture of his vehicle is an unconstitutionally excessive fine in this case. However, because Bullis failed to timely raise these issues below or in a direct appeal, we find his arguments are barred by the doctrine of res judicata

and were forfeited for appellate review.

{¶14} The principles of res judicata bar a criminal defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶15} In the case sub judice, the record reflects Bullis received notice on the date of his arrest that his vehicle was subject to forfeiture. After continuing the matter twice for reasons related to the 2017 Mazda, the trial court ordered the forfeiture of the vehicle on July 29, 2020, and corrected that order via a nunc pro tunc entry less than one week later. Despite ample notice regarding his vehicle's forfeiture, Bullis chose not to challenge his sentence or the trial court's forfeiture order in a direct appeal. Instead, Bullis elected to file a motion to set aside the forfeiture order several months after it was entered. It is well settled that a motion to vacate or set aside a judgment cannot be used as a substitute for a timely direct appeal. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986). As such, because Bullis could have raised the issue in a direct appeal, but failed to do so, res judicata bars him from raising the issue in a subsequent motion four months after the forfeiture order was imposed and after the time to file a direct appeal had expired. See *State v. Alt*, 8th Dist. Cuyahoga No. 98313, 2012-Ohio-5182, ¶ 8.

{¶16} We also find Bullis forfeited any argument that the criminal forfeiture of his vehicle was an "excessive fine or punishment" in violation of his rights under the Eighth Amendment to the United States Constitution. It is a well-established rule that "'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" *State v. Awan*, 22 Ohio St.3d

120, 122 (1986), quoting *State v. Childs*, 14 Ohio St.2d 56 (1968), paragraph three of the syllabus; see also *State v. Jozwiak*, 12th Dist. Warren No. CA2019-09-091, 2020-Ohio-3694, ¶ 45.

{¶17}  As discussed above, Bullis could have objected to or otherwise challenged the constitutionality of his vehicle's forfeiture at any point during the proceedings. Notwithstanding his ability and opportunity to do so, there is nothing in the record to suggest that Bullis raised this issue with the trial court before filing his motion to set aside the forfeiture several months after the vehicle's forfeiture was ordered.  Additionally, because no transcript has been provided on appeal, we must presume regularity in the proceedings below.  *State v. Hernandez*, 12th Dist. Warren No. CA2009-09-123, 2010-Ohio-2056, ¶ 18. Consequently, and given the state of the record on appeal, we conclude Bullis failed to timely challenge the constitutionality of the trial court's forfeiture order and has therefore forfeited the claim for appellate review.  *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 21; *State v. Cargile*, 123 Ohio St.3d 343, 2009-Ohio-4939, ¶ 15.

{¶18}  Accordingly, because Bullis failed to timely challenge the constitutionality of the vehicle forfeiture during the proceedings or in a direct appeal, we find his arguments are barred by res judicata and were otherwise forfeited.

{¶19}  Judgment affirmed.

S, POWELL and BYRNE, JJ., concur.