[Cite as *State v. Buck*, 2024-Ohio-1840.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-02-001 |
| | : | O P I N I O N |
| - vs - | | 5/13/2024 |
| | : | |
| MITTRELL BUCK et al., | : | |
| Appellants. | : | |


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20200235


Jess C. Weade, Fayette County Prosecuting Attorney, for appellee.

Finnerty Law Firm, and Gregory N. Finnerty, for appellant.



**BYRNE, J.**

{¶ 1}  The Fayette County Common Pleas Court ordered Chuck Brown Bail Bonds to pay a $10,000 forfeiture penalty after defendant Buck Mitrell failed to appear at court for sentencing while released on bond.  Chuck Brown Bail Bonds appealed the court's order.  For the reasons described below, we affirm.

**I. Factual and Procedural Background**

{¶ 2} On September 1, 2020, an Ohio State Highway Patrol trooper filed a complaint and affidavit in the Washington Court House Municipal Court, charging Buck with assault on a police officer and failure to comply. The complaint and affidavit alleged that the trooper paced a speeding vehicle on Interstate 71 and initiated a traffic stop on that vehicle. During the stop, the vehicle fled, the trooper pursued, and a chase ensued. Buck was driving the vehicle. Eventually, Buck drove the vehicle down a no-outlet road and had to make a U-turn. Buck then intentionally struck the side of the trooper's vehicle.

{¶ 3} The record reflects that the municipal court set Buck's bond at $40,000 on the two charges. On September 10, 2020, the municipal court clerk accepted and filed a Power of Attorney signed by Jonathan Miller, a bail bond agent for Chuck Brown Bail Bonds. The Power of Attorney, underwritten by the United States Fire Insurance Company of Delaware, states:

> This Power of Attorney is for use with Bail Bonds only. Not valid if used in connection with Federal Bonds or Immigration Bonds. This power void if altered or erased, void if used with other powers of this Company or in combination with powers from any other surety company, void if used to furnish bail in excess of the stated face amount of this power, and can only be used once. The obligation of the Company shall not exceed the sum of ***Fifty One Thousand Dollars and Zero Cents*** and provided this Power of Attorney is filed with the bond and retained as a part of the court records. The said Attorney-In-Fact is hereby authorized to insert in this Power of Attorney the name of the person on whose behalf this bond was given.

{¶ 4} In the fill-in-the-blank section of the Power of Attorney, the following information appears,

| | | |
|---|---|---|
| Bond Amount | $40,000 | |
| Defendant | Mitrell Buck | |
| Charges | Assault Police officer | |
| Court | [Blank] | |
| Case No. | CRA 2000829-1-2 | |
| City | WCH | State  OH |

{¶ 5} On September 10, 2020, the clerk filed an "order to release," directing the Fayette County Sheriff to release Buck from custody on case number CRA 2000829-1-2 due to a $40,000 bond being posted.

{¶ 6} On September 14, 2020, the municipal court issued a journal entry. The entry indicated that on September 10, 2020, Buck appeared before the court and waived his right to a preliminary hearing. The entry stated, "Total bond continued at $40,000 cash/surety + $85 state costs. Case bound over to the Fayette County Common Pleas Court for further proceedings."

{¶ 7} On September 16, 2020, the record reflects that the municipal court clerk prepared a transcript of the proceedings in municipal court. A Fayette County Common Pleas Court case number, CRI20200235, was handwritten on this transcript.

{¶ 8} On October 9, 2020, a Fayette County grand jury indicted Buck in case number CRI20200235. The grand jury indicted Buck on two counts: Count One, failure to comply, and Count Two, vandalism. With regard to Count One, the indictment alleged that on September 1, 2020, Buck had operated his motor vehicle and willfully eluded a police officer and that the operation of the motor vehicle caused a substantial risk of serious physical harm to person or property. With regard to Count Two, the indictment alleged that Buck knowingly caused physical harm to property owned by the Ohio State Highway Patrol.

{¶ 9} Also on October 9, 2020, the Fayette County Common Pleas court filed a document entitled "bond." In it, the court set Buck's bond on CRI20200235 at $16,000, which consisted of two separate bonds: a $15,000 cash and/or surety bond, and a $1,000 own recognizance bond.

{¶ 10} On December 14, 2020, the clerk of courts filed a recognizance signed by Buck, which related to the $1,000 own recognizance bond set by the common pleas court.

- 3 -

The recognizance stated that Buck was being released upon his own recognizance and would need to appear at his next scheduled court date and "appear from day to day and not depart without leave until such case is finally disposed of * * *."

{¶ 11} Buck was released from custody. There is no indication in the record that the court required the posting of a new surety bond in conjunction with the $15,000 cash and/or surety bond set by the common pleas court. Instead, it appears that the court accepted Chuck Brown Bail Bonds's Power of Attorney as security for the new bond amount.

{¶ 12} On March 22, 2021, Buck signed an entry of waiver and plea on the indictment, in which he agreed to plead guilty to both counts of the indictment. On the same day, the court issued an entry and order finding Buck guilty of both counts of the indictment and merging those offenses for purposes of sentencing. The court ordered a presentence-investigative report and further ordered Buck to appear for sentencing on May 3, 2021.

{¶ 13} On May 4, 2021, the common pleas court issued an entry indicating that Buck failed to appear for sentencing on May 3 as ordered. The court revoked Buck's bond and issued a bench warrant. On the same day, the court issued an order forfeiting bond. The court ordered the clerk, pursuant to R.C. 2937.36(C), to mail notice to Buck and the surety notifying them of Buck's default and the adjudication of forfeiture and requiring each to show cause on or before June 28, 2021, as to why judgment should not be entered against them "for the penalty stated in the recognizance."

{¶ 14} On June 28, 2021, the record reflects that the court held a bond hearing at which a representative of Chuck Brown Bail Bonds appeared and asked the court for more time to locate Buck. The court found good cause to continue the hearing.

{¶ 15} On July 16, 2021, Chuck Brown Bail Bonds's attorney filed a notice of appearance in Buck's case. Chuck Brown Bail Bonds then moved to dismiss the "penalty against bond agency." Chuck Brown Bail Bonds argued that it had "written a bond" in the

amount of $40,000 for the case that was filed in municipal court, but that Chuck Brown Bail Bonds had never written a subsequent bond once the case was transferred to common pleas court, and therefore it was not liable on the $15,000 surety bond.

{¶ 16} In August 2021, the state and Chuck Brown Bail Bonds appeared before the court for a hearing on the forfeiture issue. No testimony was taken, but the parties argued their respective positions. The court subsequently permitted the parties to file written briefs on the issue of bond forfeiture.

{¶ 17} The state filed a memorandum arguing that the $40,000 bond was never discharged, and that Chuck Brown Bail Bonds remained liable on the bond when the case transferred to common pleas court. Chuck Brown Bail Bonds again argued that it never wrote a bond after the common pleas court set a new bond. Chuck Brown Bail Bonds argued that industry practice was that if a new bond was set by a court, the surety would have to write a new bond.

{¶ 18} The common pleas court apparently held the bond forfeiture issue in abeyance until the case resolved. Buck was apprehended in or around June 2022, as he appeared before the court on June 6, 2022, for sentencing in CRI20200235. The court sentenced Buck to a prison term.

{¶ 19} In February 2023, the court issued an order on the bond forfeiture issue. The court found that Chuck Brown Bail Bonds was "contractually obligated under the terms of the $15,000 bond and notwithstanding the original bond posted in Municipal Court of $40,000 was reduced by this Court after indictment. No reposting of the surety was required."

{¶ 20} The court forfeited the $15,000 surety bond. However, the court also determined that it would remit one third, or $5,000, to Chuck Brown Bail Bonds, but that the remaining $10,000 would be paid to the court as the forfeiture penalty. Chuck Brown Bail

Bonds has appealed the order forfeiting the bond and raises one assignment of error for our review.

## II. Law and Analysis

{¶ 21} Chuck Brown Bail Bonds's assignment of error states:

> THE TRIAL COURT ERRED WHEN IT PROCEEDED TO ORDER BOND FORFEITURE FOR DEFENDANT'S FAILURE TO APPEAR AFTER THE BOND WRITTEN BY THE SURETY IN MUNICIPAL COURT WAS TERMINATED UPON THE SETTING OF A NEW BOND AMOUNT BY THE COURT OF COMMON PLEAS WITH WHICH SURETY HAD NO INVOLVEMENT. PROCEEDING IN THIS MANNER AGAINST THE WEIGHT OF THE EVIDENCE CONSTITUTED AN ABUSE OF DISCRETION.

{¶ 22} Chuck Brown Bail Bonds contends that the common pleas court erred and abused its discretion in forfeiting the surety bond because Chuck Brown Bail Bonds only wrote a bond in the amount of $40,000 in the municipal court and that it would be "clearly be unfair" for Chuck Brown Bail Bonds to be held accountable for the surety bond set by the common pleas court. Chuck Brown Bail Bonds argued that it never wrote a bond in the common pleas court and that a "unilateral bond adjustment" by the common pleas court constituted a violation of its due process rights under the Fifth Amendment to the United States Constitution.

{¶ 23} After a thorough review of the record and applicable law, we disagree.

{¶ 24} Pursuant to R.C. 2937.22,

> (A) Bail is security for the appearance of an accused to appear and answer to a specific criminal or quasi-criminal charge in any court or before any magistrate at a specific time or at any time to which a case may be continued, and not depart without leave. It may take any of the following forms:
>
> (1) The deposit of cash by the accused or by some other person for the accused;
>
> (2) The deposit by the accused or by some other person for the accused in form of bonds of the United States, this state, or any

- 6 -

political subdivision thereof in a face amount equal to the sum set by the court or magistrate. In case of bonds not negotiable by delivery such bonds shall be properly endorsed for transfer.

(3) The written undertaking by one or more persons to forfeit the sum of money set by the court or magistrate, if the accused is in default for appearance, which shall be known as a recognizance.

{¶ 25} Here, Chuck Brown Bails Bonds submitted to the municipal court the Power of Attorney in the amount of $40,000 as security for the appearance of Buck "in any court." The clerk accepted this document and filed it with the court record. Buck was subsequently released on bail. Chuck Brown Bail Bonds submission of the Power of Attorney to secure Buck's release was a written undertaking to forfeit $40,000 to the court upon Buck's failure to appear and was therefore a recognizance.[1]

{¶ 26} R.C. 2937.28 provides that a recognizance to secure the release of a defendant is transmissible between courts,

> All recognizances shall be returnable to and all deposits shall be held by or subject to the order of the court or magistrate before whom the accused is to appear initially, *and upon the transfer of the case to any other court* or magistrate shall be returnable to and transmitted to the transferee court or magistrate.
>
> It is not necessary for the accused to give new recognizance for appearance in common pleas court for arraignment upon indictment or pending appeal after judgment and sentence, unless the magistrate or judge of the trial court or the court to which appeal is taken, shall, for good cause shown, increase or decrease the amount of the recognizance, *but such recognizance shall continue and be in full force* until trial and appeal therefrom is finally determined. When two or more

---

1. Chuck Brown Bail Bonds has never argued that the Power of Attorney did not constitute a formal recognizance due to the lack of express language promising to secure Buck's appearance. Chuck Brown Bail Bonds has always acknowledged that it was contractually obligated on the bond, as it appeared before the court and asked for more time to locate Buck after he absconded prior to sentencing. Moreover, we note that R.C. 2937.42 addresses defects in the form of recognizances and provides that forfeiture of a recognizance "*shall not be barred*" by a defect in the form of the recognizance "if it appears from the tenor thereof at what court the party or witness was bound to appear and that the court or officer before whom it was taken was authorized to require and take such recognizance." (Emphasis added.) The parties and court in this matter all treated the Power of Attorney as a properly filed recognizance. Buck has not raised this issue on appeal, and we therefore do not address the matter further or make any decision in this respect.

charges are filed, or indictments returned, against the same person at or about the same time, the recognizance given may be made to include all offenses charged against the accused.

(Emphasis added.)

**{¶ 27}** Notably, this section provides that it is *not* necessary for the accused to give a new recognizance after being transferred to common pleas court after indictment. Thus, the section anticipates that a recognizance signed in a lower court would continue in effect into the common pleas court. But the section also provides that the court may increase or reduce the bond and that the "recognizance shall continue."

**{¶ 28}** R.C. 2937.31 similarly recognizes that a recognizance may be transferred between courts:

> If an accused is held to answer and offers sufficient bail, a recognizance or deposit shall be taken for his appearance to answer the charge before such magistrate *or before such court to which proceedings may be transferred* pursuant to Chapter 2937. of the Revised Code, at a date certain, or from day to day, or in case of the common pleas court on the first day of the next term thereof, and not depart without leave.

(Emphasis added.)

**{¶ 29}** R.C. 2937.33 sets forth the procedures for the clerk when receiving a transferred recognizance:

> When a transcript or recognizance is received by the clerk of the court of common pleas, or of any court of record to which proceedings are transferred, he shall enter the same upon the appearance docket of the court, with the date of the filing of such transcript or recognizance, the date and amount of the recognizance, the names of the sureties, and the costs. Such recognizance is then of record in such court, and is proceeded on by process issuing therefrom, in a like manner as if it had been entered into before such court. When a court having recognizance of an offense takes a recognizance, it is a sufficient record thereof to enter upon the journal of such court the title of the case, the crime charged, the names of the sureties, the amount of the recognizance, and the time therein required for the appearance of the accused. In making the complete record, when required to be made, recognizances

whether returned to or taken in such court shall be recorded in full, if required by the prosecutor or the accused.

{¶ 30} Finally, R.C. 2937.40 provides the method for a surety wishing to be discharged and released from a recognizance:

(A) Bail of any type that is deposited under section 2937.011 or sections 2937.22 to 2937.45 of the Revised Code by a person other than the accused shall be discharged and released, and sureties on recognizances shall be released, in any of the following ways:

(1) When a surety on a recognizance or the depositor of cash or securities as bail for an accused desires to surrender the accused before the appearance date, the surety is discharged from further responsibility or the deposit is redeemed in either of the following ways:

(a) By delivery of the accused into open court;

(b) When, on the written request of the surety or depositor, the clerk of the court to which recognizance is returnable or in which deposit is made issues to the sheriff a warrant for the arrest of the accused and the sheriff indicates on the return that the sheriff holds the accused in the sheriff's jail.

(2) By appearance of the accused in accordance with the terms of the recognizance or deposit and the entry of judgment by the court or magistrate;

(3) By payment into court, after default, of the sum fixed in the recognizance or the sum fixed in the order of forfeiture, if it is less.

{¶ 31} After construing these statutes, we find that the transfer of the recognizance between the Washington Court House Municipal Court and the Fayette County Court of Common Pleas was expressly provided for in the Revised Code. That is, Chuck Brown Bail Bonds submitted a signed written acknowledgement obliging its insurer in the amount of $40,000 for the purposes of securing Buck's release. Having received this recognizance, the municipal court clerk ordered Buck's release, and he was in fact released. Chuck Brown Bail Bonds has never disputed that it was obligated on the $40,000 surety bond and the

recognizance filed in municipal court.

{¶ 32} Following his indictment in the common pleas court, the municipal court clerk transferred the entire municipal court file, including the signed recognizance, to the common pleas court. While the common pleas court had the ability to continue the municipal court bond, it decided to reduce the surety portion of the bond, and, separately require Buck to personally sign an own recognizance bond in the amount of $1,000 to secure his release. This modification was authorized pursuant to R.C. 2937.28. Finally, Chuck Brown Bail Bonds never took any steps to attempt to discharge itself from its responsibilities under the bond after the case was transferred to the common pleas court, pursuant to R.C. 2937.40. Chuck Brown Bail Bonds would or should have had notice that Buck had been indicted, the case had been transferred to common pleas court, and his bond had been reduced, as all the documents reviewed in this case were a matter of public record. Accordingly, Chuck Brown Bail Bonds remained liable on the bond after it was transferred to the common pleas court.

{¶ 33} Chuck Brown Bail Bonds argues that the Power of Attorney was "terminated" because by reducing the bond amount, the court violated the provision within the Power of Attorney that states that "This power void if altered or erased * * *."

{¶ 34} We find this argument meritless. The language in the Power of Attorney refers to "*this power*" being "altered or erased," meaning the Power of Attorney itself. The document says nothing about the court modifying the bond amount. The only relevant conditions stated on the Power of Attorney were that the obligation of the insurance company to furnish bail would not exceed the face amount of the power ($51,000) and that the Power of Attorney would be retained as a part of the court records. The court's reduction of the bond amount did not exceed the maximum amount listed on the Power of Attorney and the document was retained as part of the common pleas court record. The Power of

Attorney did not terminate based on the bond modification.

{¶ 35} Chuck Brown Bail Bonds also argues that its due process rights were violated because it never signed a new bond in the common pleas court after the surety bond was reduced from $40,000 to $15,000. However, this argument is meritless because, if anything, Chuck Brown Bail Bonds liability was substantially reduced by the court's decision to lower the surety portion of the bond when the case was transferred to the common pleas court. And, of course, Chuck Brown Bail Bonds was ultimately penalized for only $10,000 of the $15,000 bond, or 25 percent of the original bond amount Chuck Brown Bail Bonds agreed to pay. Chuck Brown Bail Bonds would have known that its insurer was liable for up to $40,000 if Buck failed to appear in this case and it presumably charged Buck (or whoever arranged the bail with Chuck Brown Bail Bonds), a fee sufficient to hedge the loss potential of that business transaction. As such, the court's actions did not deprive Chuck Brown Bail Bonds of any property without due process of law. This is not a situation where the court ordered a forfeiture penalty in an amount greater than that agreed to by the bail bond company.

{¶ 36} Chuck Brown Bail Bonds states that the common pleas court ignored standard industry practices in the bail bond business, which ordinarily require the bail bond agent to sign a new bond each time a court modifies a bond. However, industry practices do not trump the Revised Code. And, as described above, the procedures that occurred here followed the applicable law and did not violate any constitutional rights. We overrule Chuck Brown Bail Bonds's sole assignment of error.

### III. Conclusion

{¶ 37} Chuck Brown Bail Bonds remained liable on the bond and recognizance filed in municipal court. The Revised Code permitted the transfer of the bond to the common pleas court and Chuck Brown Bail Bonds never sought to discharge itself from its obligation

on the bond.

**{¶ 38}** Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.