[Cite as *State v. Buck*, 2025-Ohio-3110.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-12-028 |
| | : | OPINION AND |
| - vs - | | JUDGMENT ENTRY |
| | : | 9/2/2025 |
| MITRELL BUCK, et al., | : | |
| Appellants. | : | |


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20200235


Jess Weade, Fayette County Prosecuting Attorney, for appellee.

Finnerty Law Form, and Gregory N. Finnerty, for appellant, Chuck Brown Bail Bonds.


# **O P I N I O N**


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Chuck Brown Bail Bonds, appeals from an order of the Fayette County Court of Common Pleas ordering it to pay a $10,000 forfeiture penalty. For the reasons set forth below, we affirm the decision of the trial court.

## I. FACTS & PROCEDURAL HISTORY

{¶ 2}   This case has previously been before this court on the issue of bond forfeiture. *See State v. Buck*, 2024-Ohio-1840 (12th Dist.) (hereafter, "*Buck I*"). In the interest of efficiency, this court will limit our recitation of the facts and procedural history to only those necessary for resolving the present appeal.

{¶ 3}   On September 1, 2020, the defendant Mitrell Buck was charged by complaint in the Washington Court House Municipal Court with assault on a police officer and failure to comply. The municipal court set Buck's bond at $40,000. On September 10, 2020, a surety bond in the amount of $40,000 was posted pursuant to a Power of Attorney signed by Jonathan Miller, a bail bond agent for Chuck Brown Bail Bonds. That same day, the clerk for the municipal court filed an "order to release," directing the Fayette County Sheriff to release Buck from custody.

{¶ 4}   Buck appeared before the municipal court on September 10, 2020 and waived his right to a preliminary hearing. Pursuant to a September 14, 2020 journal entry, the municipal court ordered, "Total bond continued at $40,000 cash/surety + $85 state costs. Case bound over to the Fayette County Common Pleas Court for further proceedings."

{¶ 5}   On October 9, 2020, a Fayette County grand jury indicted Buck for failure to comply and vandalism. The Fayette County Common Pleas Court set Buck's bond at $16,000, consisting of a $15,000 cash and/or surety bond and a $1,000 own recognizance bond.

{¶ 6}   On December 14, 2020, the clerk of courts filed a recognizance signed by Buck, which related to the $1,000 own recognizance bond set by the common pleas court. The recognizance stated that Buck was being released upon his own recognizance and

would need to appear at his next scheduled court date and "appear from day to day and not depart without leave until such case is finally disposed of."

{¶ 7} Buck was released from custody. There is no indication in the record that the court required the posting of a new surety bond in conjunction with the $15,000 cash and/or surety bond set by the common pleas court. Instead, the court accepted Chuck Brown Bail Bonds' Power of Attorney that was originally filed in the municipal court as security for the new bond amount.

{¶ 8} On March 22, 2021, Buck signed an entry of waiver and plea on the indictment, in which he agreed to plead guilty to both counts of the indictment. On the same day, the court issued an entry and order finding Buck guilty of failure to comply and vandalism. The court ordered a presentence-investigative report and ordered Buck to appear for sentencing on May 3, 2021.

{¶ 9} Buck failed to appear for sentencing, and the trial court revoked Buck's bond and issued a bench warrant. On May 4, 2021, the trial court issued an order forfeiting bond. The court ordered the clerk, pursuant to R.C. 2937.36(C), to mail notice to Buck and the surety of Buck's default and the adjudication of forfeiture and require each to show cause on or before June 28, 2021 as to why judgment should not be entered against them "for the penalty stated in the recognizance."

{¶ 10} A bond hearing was held on June 28, 2021. A representative from the Chuck Brown Bail Bonds appeared and asked the court for more time to try to locate Buck. The court found good cause to continue the hearing.

{¶ 11} On July 16, 2021, Chuck Brown Bail Bond's attorney filed a notice of appearance in Buck's case and then moved to dismiss the "penalty against the bond agency." Chuck Brown Bail Bonds argued that it had "written a bond" in the amount of $40,000 for the case that was filed in municipal court, but it had never written a

- 3 -

subsequent bond once the case was transferred to the common pleas court, and therefore it was not liable on the $15,000 surety bond.

{¶ 12} On August 23, 2021, the State and Chuck Brown Bail Bonds appeared before the court for a hearing on the forfeiture issue. No testimony was taken, but the parties argued their respective positions. The court permitted the parties to file written briefs on the issue of bond forfeiture and ultimately held the bond forfeiture issue in abeyance until Buck's case was resolved.

{¶ 13} Buck was apprehended and placed in the custody of the Fayette County Sheriff on May 31, 2022. He was sentenced in the common pleas case on June 6, 2022 to a 36-month prison term.

{¶ 14} On February 1, 2023, the court issued an order on the bond forfeiture issue. The court found that Chuck Brown Bail Bonds was "contractually obligated under the terms of the $15,000 bond and notwithstanding the original bond posted in Municipal Court of $40,000 was reduced by this Court after indictment. No reposting of the surety was required." The court forfeited the $15,000 surety bond. However, the court determined that it would remit one-third, or $5,000, to Chuck Brown Bail Bonds, but the remaining $10,000 would be paid to the court as the forfeiture penalty.

{¶ 15} Chuck Brown Bail Bonds appealed the order forfeiting the bond to this court, arguing that it was not liable on the bond because it never wrote a bond in the common pleas court and that a "unilateral bond adjustment" by the common pleas court constituted a violation of its due process rights under the Fifth Amendment to the United States Constitution. We rejected this argument and held, in relevant part, that "Chuck Brown Bail Bonds remained liable on the bond and recognizance filed in the municipal court. The Revised Code permitted the transfer of the bond to the common pleas court and Chuck

- 4 -

Brown Bail Bonds never sought to discharge itself from its obligation on the bond." *Buck I,* 2024-Ohio-1840 at ¶ 37.

{¶ 16} Following our decision in *Buck I,* the trial court issued an order, dated May 15, 2024, for execution of the judgment, ordering Chuck Brown Bail Bonds to pay the $10,000 bond forfeiture within 45 days or to appear and show cause. Prior to the 45 days elapsing, Chuck Brown Bail Bonds appealed this court's decision in *Buck I* to the Ohio Supreme Court, thereby staying proceedings in the trial court. On September 17, 2024, the Supreme Court declined jurisdiction. *See State v. Buck*, 2024-Ohio-4501. Thereafter, the trial court issued an entry setting a show cause hearing for November 4, 2024.

{¶ 17} The parties appeared before the court at the November 4, 2024 hearing. The county prosecutor appeared on behalf of the State and Miller and an attorney appeared on behalf of Chuck Brown Bail Bonds. The specifics of what was discussed at the hearing are not in the record before us as Chuck Brown Bail Bonds failed to provide a transcript of the proceedings.[1] The trial court's November 5, 2025 entry indicates the trial court took the matter under advisement and permitted the parties to "furnish briefs in support of their respective positions."

{¶ 18} Chuck Brown Bail Bonds filed a brief arguing for "dismissal of the bond forfeiture previously imposed" on the basis of a "different issue and basis" than what had been "considered or asserted during all prior proceedings." Chuck Brown Bail Bonds contended the court's February 1, 2023 forfeiture order should be dismissed because Buck had been apprehended and had been taken into custody by the beginning of June 2022. It argued that once Buck was back in custody, the State's interests "were fully advanced and achieved" and the issue of forfeiture became moot.

---

1. Where an appealing party fails to provide a transcript on appeal, an appellate court must "presume regularity in the proceedings below." *State v. Bullis*, 2022-Ohio-159, ¶ 17 (12th Dist.).

{¶ 19} The trial court did not find Chuck Brown Bail Bonds' arguments persuasive and, on December 2, 2024, set forth an entry that once again ordered the bond forfeited.

{¶ 20} Chuck Brown Bail Bonds appealed the trial court's decision, raising a single assignment of error.

## II. ANALYSIS

{¶ 21} Assignment of Error: THE TRIAL COURT ERRED WHEN IT PROCEEDED TO ORDER BOND FORFEITURE LONG AFTER THE DEFENDANT [BUCK] WAS APPREHENDED, INCARCERATED AND SENTENCED IN HIS CASE.

{¶ 22} Chuck Brown Bail Bonds contends the trial court erred in ordering the bond forfeited after Buck had been apprehended and sentenced. In support of its argument, it cites to R.C. 2937.40(A).[2] The State, on the other hand, argues that Chuck Brown Bail

---

2. R.C. 2937.40 sets forth three ways in which a recognizance surety may be released from its responsibility. It provides, in pertinent part, as follows:

> (A) Bail of any type that is deposited under section 2937.011 or sections 2937.22 to 2937.45 of the Revised Code by a person other than the accused shall be discharged and released, and sureties on recognizances shall be released, in any of the following ways:
>
> (1) When a surety on a recognizance or the depositor of cash or securities as bail for an accused desires to surrender the accused before the appearance date, the surety is discharged from further responsibility or the deposit is redeemed in either of the following ways:
>
> > (a) By delivery of the accused into open court;
> >
> > (b) When, on the written request of the surety or depositor, the clerk of the court to which recognizance is returnable or in which deposit is made issues to the sheriff a warrant for the arrest of the accused and the sheriff indicates on the return that the sheriff holds the accused in the sheriff's jail.
>
> (2) By appearance of the accused in accordance with the terms of the recognizance or deposit and the entry of judgment by the court or magistrate;
>
> (3) By payment into court, after default, of the sum fixed in the recognizance or the sum fixed in the order of forfeiture, if it is less.

Bonds has improperly sought to morph a show cause hearing for why the forfeited bond had not been paid into "another stab at [its] responsibility for the underlying obligation of $10,000." The State contends that Buck's arrest was a fact known at the time the trial court ordered forfeiture of the bond in February 2023 and Chuck Brown Bail Bonds "had an opportunity to address this issue" at the time of its first appeal.

{¶ 23} We agree with the State and find that Chuck Brown Bail Bonds' argument is barred by the doctrine of res judicata. "Res judicata bars relitigation of a matter that was raised *or could have been raised on direct appeal* when a final, appealable order was issued in accordance with the law at the time." (Emphasis added.) *State v. Griffin*, 2013-Ohio-5481, ¶ 3. Buck was apprehended and placed in the custody of the Fayette County Sheriff on May 31, 2022. Notice of Buck's arrest and the return of the warrant was entered on the case docket on June 1, 2022 ("Bench Warrant Returned and Executed on Mitrell Buck on 5/31/22 by Fayette Co Sheriff").[3] In the trial court's February 1, 2023 entry forfeiting bond, the trial court referenced Buck's arrest, stating, "Subsequent to the [August 23, 2021 forfeiture] hearing and on May 5, 2022 [sic], the absconded defendant was arrested in Hamilton County, Ohio on new charges and was returned to Fayette County where he was sentenced and conveyed to the Department of Rehabilitation and Correction." Buck's apprehension and transfer back to Fayette County for sentencing was therefore known to Chuck Brown Bail Bonds at the time of its prior appeal. The bearing or impact Buck's apprehension had on bond forfeiture was an issue that could have been raised on direct appeal in *Buck I*. Chuck Brown Bail Bonds' argument is, therefore, barred by the doctrine of res judicata. *See, e.g., State v. AAA Sly Bail Bonds,* 2020-Ohio-1375

---

3. "As part of its agency relationship with the defendant, the surety was obligated to remain informed of the status of the defendant's case." *State v. Stevens*, 30 Ohio St.3d 25, 28 (1987). This includes "following the progress of [a] defendant's case" by monitoring the docket and journal entries filed in the case. *Id.* at 27-28.

(5th Dist.) (finding res judicata barred a bail bond company's argument on remission of a forfeited bond as the bond company previously had the ability to argue remission in its Civ.R. 60[B] motion, which had been the subject of a prior appeal challenging bond forfeiture).

### III. CONCLUSION

{¶ 24} Chuck Brown Bail Bonds appeared before the trial court on November 4, 2024 to show cause why it had not paid the $10,000 that had already been ordered forfeited. The hearing was not an opportunity to relitigate a matter that was already resolved in *Buck I* or to raise an argument that could have, and should have, been raised in Chuck Brown Bail Bonds' prior appeal. The doctrine of res judicata applies to prevent appellant from getting a "second bite at the apple."

{¶ 25} We therefore overrule Chuck Brown Bail Bond's sole assignment of error and affirm the judgment of the trial court.

PIPER and M. POWELL, JJ., concur.

## JUDGMENT ENTRY

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Fayette County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Mike Powell, Judge