[Cite as *Anderson v. Monroe Cty. Common Pleas Court*, 2023-Ohio-1343.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MONROE COUNTY

BRIAN L. ANDERSON,

Relator,

v.

MONROE COUNTY COMMON PLEAS COURT
(JUDGE JULIE R. SELMON),

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 22 MO 0019

---

Writ of Mandamus

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

Brian L. Anderson, *Pro Se,* #A796871, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, Ohio 43724, Relator and

*Atty. James L. Peters,* Monroe County Prosecuting Attorney, 101 North Main Street, Room 15, Woodsfield, Ohio 43793, for Respondent.

Dated: April 25, 2023

**PER CURIAM.**

**{¶1}** Relator, Brian L. Anderson, brings this original action with a pro se petition for a writ of mandamus naming as Respondent, Monroe County Court of Common Pleas Judge Julie R. Selmon. Counsel for Respondent has filed a motion to dismiss on the basis that the petition fails to state a claim upon which relief can be granted. Because the petition does not comply with the mandatory filing requirements of R.C. 2969.25, this court must dismiss this action.

**{¶2}** R.C. 2969.25 sets forth specific filing requirements for an inmate who files a civil action against a government employee or entity. In the present case, Respondent is a government employee and Relator, incarcerated in the Noble Correctional Institution, is a self-represented inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, 831 N.E.2d 435, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.")

*Filing Fee Waiver*

**{¶3}** In an affidavit included with his petition, Relator states he is without the necessary funds to pay the costs of this action and is requesting the filing fee and security deposit be waived. R.C. 2969.25(C) applies when an inmate seeks a waiver of the prepayment of the filing fees:

> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

Case No. 22 MO 0019

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

**{¶4}** As indicated, Relator's petition includes an affidavit averring he is without sufficient financial means to prepay or give security for the costs of this action. However, the affidavit does not include a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier. R.C. 2969.25(C)(1). Nor does it include a statement that sets forth all other cash and things of value owned by Relator at the time he filed the petition. R.C. 2969.25(C)(2).

**{¶5}** In light of these procedural deficiencies and on the court's own motion, IT IS HEREBY ORDERED that Relator's petition for a writ of mandamus is hereby DISMISSED. As a result, all remaining motions, including Respondent's motion to dismiss, and unresolved filings are hereby dismissed as moot.

**{¶6}** IT IS FURTHER ORDERED, pursuant to Civ.R. 58, that the Clerk of the Monroe County Court of Appeals shall immediately serve upon all parties (including unrepresented or self-represented parties) notice of this judgment and its date of entry upon the journal. Costs taxed to Relator.

**JUDGE DAVID A. D'APOLITO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

Case No. 22 MO 0019