[Cite as *State v. Anderson*, 2023-Ohio-1695.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRIAN L. ANDERSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MO 0001**

---

Application for Reconsideration

**BEFORE:**
Carol Ann Robb, David A. D'Apolito, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. James L. Peters*, Monroe County Prosecutor, Monroe County Prosecutor's Office, 101 N. Main Street, Room 15, Woodsfield, Ohio 43793 for Plaintiff-Appellee and

*Brian L. Anderson, pro se*, Noble Correctional Institution, 15708 McConnelsville Rd, Caldwell, Ohio 43724 - Appellant.

Dated: May 18, 2023

**PER CURIAM.**

{¶1} Defendant-Appellant Brian L. Anderson filed an application for reconsideration of our March 23, 2023 decision affirming his convictions of aggravated drug possession, having a weapon while under disability, and unlawful possession of a dangerous ordnance. Appellant's brief argued the trial court should have suppressed his statement before he was Mirandized, the methamphetamine recovered from his pocket after he acknowledged he had drugs, and his statements after he was Mirandized. He also challenged the sufficiency of the evidence and the weight of the evidence as to the operability of the gun recovered, contesting whether it met the definition of a firearm.

{¶2} Appellant's motion to reconsider says we should have considered the incident report, the vehicle inventory report, and the preliminary hearing transcript. He says he was innocent, challenging the deputy's credibility and the evidence demonstrating his possession of the firearm (claiming the driver lived in her car).

{¶3} "In order to prevail on an application for reconsideration, an appellant must demonstrate an obvious error in our decision or that an issue was raised that was either not dealt with or was not fully considered." *State v. Carosiello*, 7th Dist. Columbiana No. 15 CO 0017, 2018-Ohio-860, ¶ 12. "Mere disagreement with this Court's logic and conclusions does not support an application for reconsideration." *Id.* See also *Victory White Metal Co. v. Motel Syst., Inc.*, 7th Dist. Mahoning No. 04 MA 245, 2005-Ohio-3828, ¶ 2 (the purpose of reconsideration is not to reargue one's appeal based on dissatisfaction with the logic used and conclusions reached by an appellate court); *Hampton v. Ahmed*, 7th Dist. Belmont No. 02 BE 66, 2005-Ohio-1766, ¶ 16 ("An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision."). Moreover, a reconsideration application is not a chance to present a new argument to the appellate court. *State v. Wellington*, 7th Dist. Mahoning No. 14 MA 0115, 2015-Ohio-2095, ¶ 9.

{¶4} The items cited by Appellant were not exhibits presented at trial or at the suppression hearing. Furthermore, the cited items do not support his vague reconsideration arguments. We fully considered the arguments presented on appeal in

a highly detailed opinion. Appellant's application for reconsideration cites no argument raised in his brief that was not fully considered in our opinion affirming his convictions. Finally, any implied disagreement with the logic used and conclusions reached by this court would not provide substantive grounds for reconsideration. No obvious error is alleged or evident. Accordingly, Appellant's application for reconsideration is denied.

**JUDGE CAROL ANN ROBB**

**JUDGE DAVID A. D'APOLITO**

**JUDGE MARK A. HANNI**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**

<u>Case No. 22 MO 0001</u>