[Cite as *State v. Anderson*, 2023-Ohio-4447.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRIAN L. ANDERSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No.  22 MO 0001**

---

Application for Reconsideration

**BEFORE:**
Carol Ann Robb, David A. D'Apolito, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. James Peters*, Mahoning County Prosecutor's Office, for Plaintiff-Appellee and

*Brian Anderson,* pro se*.*

Dated: December 6, 2023

**PER CURIAM.**

{¶1} After a jury trial in the Monroe County Common Pleas Court, Defendant-Appellant Brian L. Anderson was convicted of aggravated drug possession (25.89 grams of methamphetamine), having a weapon while under disability, and unlawful possession of dangerous ordnance (a sawed-off shotgun). This court affirmed his convictions on appeal. *State v. Anderson*, 7th Dist. Monroe No. 22 MO 0001, 2023-Ohio-945 (overruling multiple suppression issues and challenges to the sufficiency and the weight of the evidence). We thereafter denied Appellant's App.R. 26(A) application for reconsideration. *State v. Anderson*, 2023-Ohio-1695.

{¶2} On September 14, 2023, this court denied Appellant's App.R. 26(B) application for reopening, wherein he claimed appellate counsel was ineffective for failing to brief seven additional assignments of error. *State v. Anderson*, 2023-Ohio-3335. On Monday, September 25, 2023, Appellant filed a motion for reconsideration of our denial of his application for reopening.

{¶3} We explained the standard for reconsideration in denying Appellant's application to reconsider the decision in the direct appeal. *Anderson*, 2023-Ohio-1695 at ¶ 3. "In order to prevail on an application for reconsideration, an appellant must demonstrate an obvious error in our decision or that an issue was raised that was either not dealt with or was not fully considered." *State v. Carosiello*, 7th Dist. Columbiana No. 15 CO 0017, 2018-Ohio-860, ¶ 12. It is not a chance to present a new argument to the appellate court. *See State v. Wellington*, 7th Dist. Mahoning No. 14 MA 0115, 2015-Ohio-2095, ¶ 9. Thus, any argument in the application must be one set forth in the document leading to the decision sought to be reconsidered. Regardless, "Mere disagreement with this Court's logic and conclusions does not support an application for reconsideration." *Carosiello*, 7th Dist. Columbiana No. 15 CO 0017 at ¶ 12. *See also Victory White Metal Co. v. Motel Syst., Inc.*, 7th Dist. Mahoning No. 04 MA 245, 2005-Ohio-3828, ¶ 2 (the purpose of reconsideration is not to reargue one's appeal based on dissatisfaction with the logic used and conclusions reached by an appellate court); *Hampton v. Ahmed*, 7th Dist. Belmont No. 02 BE 66, 2005-Ohio-1766, ¶ 16 ("An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision.").

{¶4} Appellant's application for reconsideration begins by suggesting the court "can't understand normal thinking." The memorandum in support reiterates arguments about the driver of the stopped vehicle, which he reviewed in his reopening application (where he referred to evidence outside the record, disclosed the driver initiated a rape charge against him, and complained she was not charged for any offense even though she was the driver with a drug pipe sticking out of her shirt). Appellant also accuses his trial counsel of lying about receiving discovery. He adds an argument that the test of the drugs in his pocket was tainted because the forensic scientist testified the field office location listed on her report was a typographical error. His reconsideration application concludes by asking how the res judicata doctrine works "if no one would hear what I had to say?"

{¶5} Appellant's application for reconsideration does not allege a failure to consider an argument raised in his application for reopening and fails to demonstrate any error in our denial of that application. Consequently, reconsideration is denied.

**JUDGE CAROL ANN ROBB**

**JUDGE DAVID A. D'APOLITO**

**JUDGE MARK A. HANNI**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**

<u>Case No. 22 MO 0001</u>