[Cite as *State v. Isa*, 2025-Ohio-1083.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-22 |
| | : | |
| v. | : | Trial Court Case No. 2007 CR 207 |
| | : | |
| ABRAHAM ISA | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 28, 2025

. . . . . . . . . . .

ABRAHAM ISA, Pro Se Appellant

JANE A. NAPIER, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

**{¶ 1}** Defendant-Appellant Abraham Isa appeals from a judgment of the Champaign County Court of Common Pleas, which denied his "motion to correct sentence." For the reasons that follow, the judgment of the trial court will be affirmed.

**I.    Facts and Procedural History**

**{¶ 2}** After a jury trial in late 2007, Isa was convicted of two counts of rape and 13

counts of gross sexual imposition; he was sentenced to a term of imprisonment of 24 years and six months and classified as a sexual predator. He directly appealed and raised two assignments of error (including issues regarding a potential mistrial and ineffective assistance of counsel); we affirmed the trial court's judgment. *State v. Isa*, 2008-Ohio-5906 (2d Dist.). Since then, Isa has filed numerous motions challenging his convictions and sentence and approximately a dozen additional appeals to this court, including some that raised issues with his sentence. *See, e.g., State v. Isa*, 2010-Ohio-3770 (2d Dist.); *State v. Isa*, 2015-Ohio-2876 (2d Dist.); *State v. Isa*, 2017-Ohio-8335 (2d Dist.). Each time, both the trial court and this court rejected his arguments.

{¶ 3} On August 8, 2024, Isa filed a new motion in the trial court titled "Motion to Correct Sentence." In it, he argued that his aggregate sentence should be 23 years instead of 24 years, six months, because Count 13 should not run consecutively to the others. The trial court rejected this argument, and Isa has filed a timely appeal in which he raises two assignments of error. We need not address his specific arguments because they are barred by res judicata.

## II.    Res Judicata

{¶ 4} Isa raises sentencing issues in both of his assignments of error. In his first assignment, he alleges that the trial court's explanation that the "law of the case" doctrine precluded his success was incorrect, and in his second assignment of error, he claims that his 24-and-a-half-year sentence was a violation of due process because it caused him to serve more time than is reflected in his sentencing entry.

{¶ 5} "Pursuant to the doctrine of res judicata, a valid final judgment on the merits

bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Reed*, 2015-Ohio-3051, ¶ 26 (2d Dist.), quoting *State v. Collins*, 2013-Ohio-3645, ¶ 9 (2d Dist.). *Accord State v. Hatton*, 2013-Ohio-475, ¶ 16 (4th Dist.) ("[R]es judicata bars a motion for a new trial when the movant raised, or could have raised, that issue, in a prior action."). "[T]he doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 2006-Ohio-1245, ¶ 18.

{¶ 6} Isa's argument to the court below and now on appeal in his second assignment of error is that his sentence was incorrect and that he is serving more time than was required. This argument has been made before on numerous occasions, especially in *Isa,* 2010-Ohio-3770 (2d Dist.). That case addressed the exact argument made here: that Isa's sentence should have been 23 years instead of the 24-and-a-half years he received. We rejected that argument then, and it is foreclosed now. To the extent that there is a new argument made this time (that his due process rights are being violated because of the allegedly faulty sentence), it is barred by the doctrine of res judicata as well, because it *could* have been raised previously. Isa's second assignment of error is overruled.

{¶ 7} As to Isa's first assignment of error, in which he argues that the trial court erred in using the "law of the case" doctrine to deny his sentencing argument, we need

not reach this argument, because Isa's underlying claim as to the appropriateness of his sentence is barred by res judicata; it has been addressed before on multiple occasions. The first assignment of error is overruled.

**III.      Conclusion**

**{¶ 8}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HANSEMAN, J., concur.