[Cite as *State v. Nicholson*, 2025-Ohio-5411.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                      :

    Plaintiff-Appellee,         :
                                   No. 114659
    v.                          :

FREDERICK NICHOLSON,                :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** December 4, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-682585-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Patrick J. Lavelle, Assistant Prosecuting Attorney, *for appellee.*

Berkman, Gordon, Murray & DeVan and William C. Livingston, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Frederick Nicholson appeals his first-degree felony conviction for trafficking, in violation of R.C. 2925.03(A)(2), and the resulting non-life indefinite sentence of four to six years that was expressly imposed as a mandatory term.

Nicholson challenges the mandatory nature of his sentence and the failure of the trial court to provide the Reagan Tokes Law advisements under R.C. 2929.19(B)(2)(c) related to non-life indefinite sentences. The State, by and large, concedes that error occurred.

{¶ 2} Nicholson pleaded guilty to an amended charge of trafficking between 27 and 100 grams of cocaine. Police officers seized over 700 grams of cocaine, along with several items of paraphernalia, during the warranted search of Nicholson's residence and vehicle. The search was conducted by a coalition of Cleveland, Cuyahoga County Sheriff, and University Heights law enforcement officers within the territorial boundaries of the City of University Heights. The search warrant expressly authorized the search of Nicholson's home and, importantly, his vehicle. Nicholson did not challenge any aspect of the search warrant or the amount of cocaine involved. He instead sought to suppress his post-*Miranda* statements to police officers because he was initially detained on a public street while driving the car identified in the search warrant and then brought to his house through that detention as the search unfolded.[1] Nicholson abandoned his motion to suppress by pleading guilty to the amended charge, a decision that greatly reduced his sentencing exposure in consideration of the undisputed weight of the drugs recovered.[2]

---

[1] The State claimed that Nicholson asked or at least consented to be returned to his house after being informed that officers had a warrant to search his residential property.

[2] The trafficking charge as indicted required the trial court to impose the maximum term for the first-degree felony offense if Nicholson was found guilty. *See*

{¶ 3} The trial court imposed a stated minimum term of four years, with a maximum term of six years — one year longer than the shortest prison term available for the offense. As mentioned above, however, the trial court imposed the stated minimum term as a mandatory sentence, meaning that Nicholson could not avail himself of any statutory reduction while serving his prison term. The trial court also failed to provide any of the advisements required under R.C. 2929.19(B)(2)(c) for the non-life indefinite sentence being imposed. *See State v. Bradley*, 2022-Ohio-2954, ¶ 13 (8th Dist.).

{¶ 4} Nicholson's appointed appellate counsel initially filed a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), citing his inability to present any nonfrivolous issue in the appeal. In response, Nicholson, acting pro se, filed his own brief, claiming in part that the trial court erred by not advising him of his right to a sentence reduction under the Reagan Tokes sentencing structure, which was based on the trial court's stated belief that the imposed sentence was mandatory and required Nicholson to serve the entirety of the sentence. On this point, Nicholson cited *State v. Grays*, 2023-Ohio-2482, ¶ 27 (8th Dist.). The State initially focused on the lack of language in the sentencing entry instead of

R.C. 2925.03(C)(1)(f) ("If the amount of the drug involved equals or exceeds one hundred times the bulk amount[,] . . . the court shall impose as a mandatory prison term a maximum first degree felony mandatory prison term."). Reducing the amount below 100 times the bulk amount authorized the trial court to exercise discretion in imposing the sentence within the first-degree felony range.

responding to Nicholson's claim regarding the mandatory service of the imposed sentence.

{¶ 5} Upon review, we concluded that Nicholson's pro se argument was not frivolous in consideration of *Grays*, which concluded that only those offenders convicted of a sexually oriented offense are precluded from obtaining the earned reduction of minimum prison term ("ERMPT") credit under the Reagan Tokes Law. Any other offender convicted of a non-sexually oriented offense is eligible to receive the ERMPT credit. *Id.* In light of the constitutional implications raised by Nicholson's being effectively denied appellate representation based on his identification of a colorable appellate issue, new appellate counsel was appointed, at the taxpayers' additional expense, and this appeal proceeded anew. *See Anders* at 744 ("if it finds any of the legal points arguable on their merits (and therefore not frivolous) [the appellate court] must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.").

{¶ 6} In both assignments of error, Nicholson challenges the imposition of his non-life indefinite prison term as being a mandatory term based on *Grays* and the failure of the trial court to advise Nicholson as required under R.C. 2929.19(B)(2)(c). The State concedes that the notifications were required based on Nicholson's statutory right to the ERMPT credit. Although the State does not concede that the mandatory nature of the sentence as imposed is error, that conclusion is unavoidable from the concession to Nicholson's argument regarding his right to be advised of the ERMPT credit.

{¶ 7} There is a legal distinction between a "mandatory sentence" that cannot be reduced through a statutory credit or judicial release, and a "mandatory sentence" that requires the imposition of a prison sentence. *See* R.C. 2929.13(F) (establishing sentences for certain offenses that are mandatory and cannot be reduced by any statute offering a sentencing reduction). R.C. 2925.03(C)(1)(e), the sentencing provision applicable to Nicholson's guilty plea, provides that the trial court shall impose a mandatory prison term for a first-degree felony offense of the available terms under R.C. 2929.14. The "mandatory prison term" language under R.C. 2929.13(F)(5) means that a trial court is required to impose a prison term as the trial court did in this case but does not necessarily mean that the prison term is mandatory in the sense that it cannot be reduced through ERMPT or judicial release. *See State v. Logan*, 2025-Ohio-1772, ¶ 2 (concluding that because a sentence imposed on a count with an attendant firearm specification was "mandatory" under R.C. 2929.13(F)(8), the trial court is required to impose a sentence on the offender for the underlying offense). As the Ohio Supreme Court reiterated in *Logan*, R.C. 2929.13(F) discusses mandatory prison terms, listing those offenses for which the sentencing court is required to impose a sentence. *Id.* at ¶ 15, quoting *State v. Johnson*, 2008-Ohio-69, ¶ 9. This court sitting en banc in *Grays*, addressed the purported conflict between R.C. 2967.271(F) and R.C. 2929.13(F) in general on whether a non-sex offender was eligible for the ERMPT credit when the sentences are mandatory under the penalty provision of the respective crimes. Because the State has not provided a reason to distinguish *Grays,* 2023-Ohio-2482, with respect

to the mandatory service of the sentence imposed, Nicholson's argument must be accepted because it aligns with *Grays*.

{¶ 8} Nicholson is correct. Only sexually oriented offenders are ineligible for ERMPT, and because Nicholson was convicted of a trafficking offense, he is eligible for early release under the Reagan Tokes Law. His sentence is not a mandatory term that must be served in its entirety, and the trial court erred by expressly concluding otherwise.

{¶ 9} As a result, Nicholson's sentence is vacated but only inasmuch as the four- to six-year non-life indefinite term was imposed as a mandatory prison sentence that cannot be reduced under the ERMPT credit. Under *Grays*, offenders such as Nicholson are eligible for ERMPT because the conviction is not of a sexually oriented offense. Upon remand to delete any and all references to the prison term as being mandatory, the trial court must also comply with the advisement requirements of R.C. 2929.19(B)(2)(c). The duration of the sentence and the underlying guilty plea remain unaffected by the above disposition.

{¶ 10} Vacated and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
ANITA LASTER MAYS, J., CONCUR