[Cite as *State v. Anderson*, 2026-Ohio-104.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MONROE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRIAN L. ANDERSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 MO 0005

---

Criminal Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. CRI2021-243

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. James L. Peters*, Monroe County Prosecutor, for Plaintiff-Appellee and

Brian L. Anderson, Defendant-Appellant.

Dated:  January 14, 2026

**DICKEY, J.**

{¶1} Pro se Appellant, Brian L. Anderson, appeals from the June 11, 2025 judgment of the Monroe County Court of Common Pleas denying his "Motion To Correct Sentence Entry." In this appeal, Appellant again takes issue with the trial court's January 31, 2022 judgment convicting and sentencing him for aggravated possession of drugs, unlawful possession of a dangerous ordnance, and having weapons while under disability following a jury trial. Appellant believes the trial court erred in imposing a mandatory prison term for aggravated possession of drugs, a felony of the second degree, in violation of his due process rights. Because Appellant's sentencing claim is barred by res judicata, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} On July 15, 2021, Appellant was indicted by the Monroe County Grand Jury for unlawful possession of a dangerous ordnance, a felony of the fifth degree in violation of R.C. 2923.17(A), and having weapons while under disability, a felony of the third degree in violation of R.C. 2923.13(A)(3). On August 19, 2021, Appellant was indicted for aggravated possession of drugs, a felony of the second degree in violation of R.C. 2925.11. This charge replaced a drug charge in the first indictment when the two indictments were consolidated upon the State's motion. Appellant was represented by counsel and entered a not guilty plea.

{¶3} Appellant filed a motion to suppress his statements and the drugs (methamphetamine). Following a suppression hearing, the trial court denied his motion.

{¶4} The matter proceeded to a jury trial. Appellant was found guilty on all three offenses. On January 31, 2022, the trial court sentenced Appellant to six to nine years for aggravated possession of drugs (for which prison was mandatory), 30 months for having weapons while under disability, and 11 months for unlawful possession of a dangerous ordnance, to run concurrently for a total prison sentence of six to nine years.

{¶5} Appellant filed a direct appeal. Appellant was represented by appellate counsel and raised assignments of error regarding the suppression, the sufficiency of the evidence, and manifest weight. On March 23, 2023, this court affirmed. *State v. Anderson*, 2023-Ohio-945 (7th Dist.). During the pendency of that appeal, Appellant filed

Case No. 25 MO 0005

a pro se petition in the Monroe County Court of Common Pleas for postconviction relief pursuant to R.C. 2953.21 seeking to vacate his convictions. The trial court dismissed his petition without a hearing.

{¶6} Appellant filed an original action with a pro se petition for a writ of mandamus naming as Respondent, Monroe County Court of Common Pleas Judge Julie R. Selmon. Because the petition did not comply with the mandatory filing requirements of R.C. 2969.25, this court dismissed the action on April 25, 2023. *Anderson v. Monroe Cty. Common Pleas Court*, 2023-Ohio-1343 (7th Dist.).

{¶7} Appellant filed a pro se App.R. 26(A) application for reconsideration of this court's March 23, 2023 decision. On May 18, 2023, this court denied his application. *State v. Anderson*, 2023-Ohio-1695 (7th Dist.).

{¶8} Appellant filed a pro se App.R. 26(B) application to reopen his direct appeal. On September 14, 2023, this court denied his application. *State v. Anderson*, 2023-Ohio-3335 (7th Dist.).

{¶9} Appellant filed a pro se application for reconsideration of this court's denial of his application for reopening. On December 6, 2023, this court denied his application. *State v. Anderson*, 2023-Ohio-4447 (7th Dist.).

{¶10} Appellant filed an untimely second pro se petition in the Monroe County Court of Common Pleas for postconviction relief seeking to vacate his convictions. Appellant maintained he is entitled to postconviction relief due to various due process violations, ineffective assistance of counsel, prosecutorial misconduct, and other issues that he claims arose during the pre-trial phase of his case. The trial court dismissed his untimely successive petition without a hearing. On July 17, 2024, this court affirmed. *State v. Anderson*, 2024-Ohio-2704 (7th Dist.).

{¶11} On June 9, 2025, Appellant filed a pro se "Motion To Correct Sentence Entry" in the Monroe County Court of Common Pleas taking issue with his indefinite sentence under the Reagan Tokes Law. Appellant believes the trial court erred in imposing a mandatory prison term for aggravated possession of drugs, a felony of the second degree, in violation of his due process rights. The trial court disagreed and denied his motion on June 11, 2025.

{¶12} Appellant filed the instant pro se appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT IMPOSED A MANDATORY PRISON TERM AS IF HE WAS CONVICTED OF A SEXUALLY ORIENTED OFFENSE IN CONTRAVENTION OF THE SENTENCING STATUTES IN VIOLATION OF ANDERSON'S RIGHTS OF DUE PROCESS.**

{¶13} In his sole assignment of error, Appellant takes issue with his January 31, 2022 sentence, specifically regarding aggravated possession of drugs, a felony of the second degree in violation of R.C. 2925.11, a mandatory prison term. It is important to note again that Appellant filed a direct appeal of the January 31, 2022 sentencing entry. Appellant suggests in this appeal that his due process rights were violated because a mandatory prison term can only be imposed for sexually oriented offenses. This allegation is incorrect. *See State v. Blue*, 2024-Ohio-826, ¶ 38 (7th Dist.) (a sentence for possession of drugs may be imposed as a mandatory prison term under R.C. 2925.11); *State v. Hayes*, 2025-Ohio-4603, ¶ 65 (2d Dist.) (a sentence for possession of drugs may be imposed as a mandatory prison term under R.C. 2925.11). In any event, Appellant's sentencing claim is barred by res judicata.

{¶14} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. In this case, Appellant's pro se "Motion To Correct Sentence Entry" is his third postconviction petition.

{¶15} A postconviction petition may be dismissed without a hearing where the claims are barred by res judicata. *State v. West*, 2009-Ohio-3347, ¶ 24 (7th Dist.). Res judicata bars any claim or defense that was raised or could have been raised in an earlier proceeding:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due

process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 180 (1967).

**{¶16}** "[R]es judicata bars claims that could have been raised on direct appeal or any previous post-judgment motions." *State v. Smith*, 2019-Ohio-4501, ¶ 8 (7th Dist.). The doctrine of res judicata applies to prevent defendants from getting "multiple bites at the apple." *See, e.g., State v. Buck*, 2025-Ohio-3110, ¶ 24 (12th Dist.).

**{¶17}** Appellant's sentencing claim could have been raised on direct appeal or in his prior petitions for postconviction relief. *See Smith* at ¶ 8. It is, therefore, barred by res judicata. *See Perry* at 180-181; *State v. Isa*, 2025-Ohio-1083, ¶ 1, 6 (2d Dist.) (the appellant's "motion to correct sentence" is barred by res judicata because his arguments "*could* have been raised previously") (emphasis in original); *State v. Cave*, 2021-Ohio-874, ¶ 12 (4th Dist.) ("res judicata bars [the] appellant's motion to correct sentence because he could have raised the issue on direct appeal.")

## CONCLUSION

**{¶18}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The June 11, 2025 judgment of the Monroe County Court of Common Pleas denying Appellant's pro se "Motion To Correct Sentence Entry" is affirmed.

Waite, P.J., concurs.

Robb, J., concurs.

Case No. 25 MO 0005

———————————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**