[Cite as *State v. Anderson*, 2026-Ohio-551.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MONROE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRIAN L. ANDERSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MO 0005**

---

Application for Reconsideration

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. James L. Peters*, Monroe County Prosecutor, for Plaintiff-Appellee (No Response Filed) and

Brian L. Anderson, Defendant-Appellant.


Dated: February 18, 2026

**PER CURIAM.**

{¶1} On January 30, 2026, pro se Appellant, Brian L. Anderson, filed an application requesting that this court reconsider our decision in *State v. Anderson*, 2026-Ohio-104 (7th Dist.), in which we affirmed the June 11, 2025 judgment of the Monroe County Court of Common Pleas denying his "Motion To Correct Sentence Entry."

{¶2} In that appeal, Appellant again took issue with the trial court's January 31, 2022 judgment convicting and sentencing him for aggravated possession of drugs, unlawful possession of a dangerous ordnance, and having weapons while under disability following a jury trial. *Id.* at ¶ 1. Appellant asserted the trial court erred in imposing a mandatory prison term for aggravated possession of drugs, a felony of the second degree, in violation of his due process rights. *Id.* This court held Appellant's sentencing claim is barred by res judicata. *Id.*

{¶3} Appellant contends this court's decision was in error and that we should, therefore, reconsider the opinion pursuant to App.R. 26(A). Appellee, the State of Ohio, did not file a response.

{¶4} An application for reconsideration must be filed within ten days of an appellate court's judgment. App.R. 26(A)(1)(a). However, a delayed application for reconsideration pursuant to App.R. 26(A) is permitted if the moving party can establish "extraordinary circumstances." App.R. 14(B). "Extraordinary circumstances" is defined as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event." *Black's Law Dictionary* (12th Ed. 2024).

{¶5} This court decided Appellant's appeal and filed our judgment on Wednesday, January 14, 2026. *Anderson*, 2026-Ohio-104 (7th Dist.). The clerk hand delivered copies of the judgment to the prosecutor and trial judge and mailed a copy of the judgment to Appellant that same date. The clerk also made a note on the docket of the hand deliveries and the mailing via regular U.S. mail to Appellant that same date. Thus, Appellant's application for reconsideration was to be filed no later than Monday, January 26, 2026 (because the tenth day, January 24, 2026 was a Saturday). However, Appellant did not file his application for reconsideration until Friday, January 30, 2026, four days beyond the ten-day timeframe under App.R. 26(A)(1)(a). Appellant fails to

Case No. 25 MO 0005

establish "extraordinary circumstances." In addition, we find no obvious error in this court's decision.

App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

*D.G. v. M.G.G.*, 2019-Ohio-1190, ¶ 2 (7th Dist.).

{¶6} In his pro se application, Appellant disagrees with this court's analysis and requests that we reconsider our decision. Appellant maintains his due process rights were violated because a mandatory prison term can only be imposed for sexually oriented offenses. Thus, Appellant does not believe res judicata applies to his sentence.

{¶7} In *Anderson*, we addressed Appellant's sentencing claim in detail as follows:

In his sole assignment of error, Appellant takes issue with his January 31, 2022 sentence, specifically regarding aggravated possession of drugs, a felony of the second degree in violation of R.C. 2925.11, a mandatory prison term. It is important to note again that Appellant filed a direct appeal of the January 31, 2022 sentencing entry. Appellant suggests in this appeal that his due process rights were violated because a

mandatory prison term can only be imposed for sexually oriented offenses. This allegation is incorrect. *See State v. Blue*, 2024-Ohio-826, ¶ 38 (7th Dist.) (a sentence for possession of drugs may be imposed as a mandatory prison term under R.C. 2925.11); *State v. Hayes*, 2025-Ohio-4603, ¶ 65 (2d Dist.) (a sentence for possession of drugs may be imposed as a mandatory prison term under R.C. 2925.11). In any event, Appellant's sentencing claim is barred by res judicata.

"Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. In this case, Appellant's pro se "Motion To Correct Sentence Entry" is his third postconviction petition.

A postconviction petition may be dismissed without a hearing where the claims are barred by res judicata. *State v. West*, 2009-Ohio-3347, ¶ 24 (7th Dist.). Res judicata bars any claim or defense that was raised or could have been raised in an earlier proceeding:

Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 180 (1967).

"[R]es judicata bars claims that could have been raised on direct appeal or any previous post-judgment motions." *State v. Smith*, 2019-Ohio-4501, ¶ 8 (7th Dist.). The doctrine of res judicata applies to prevent defendants from getting "multiple bites at the apple." *See, e.g., State v. Buck*, 2025-Ohio-3110, ¶ 24 (12th Dist.).

Appellant's sentencing claim could have been raised on direct appeal or in his prior petitions for postconviction relief. *See Smith* at ¶ 8. It is, therefore, barred by res judicata. *See Perry* at 180-181; *State v. Isa*, 2025-Ohio-1083, ¶ 1, 6 (2d Dist.) (the appellant's "motion to correct sentence" is barred by res judicata because his arguments "*could* have been raised previously") (emphasis in original); *State v. Cave*, 2021-Ohio-874, ¶ 12 (4th Dist.) ("res judicata bars [the] appellant's motion to correct sentence because he could have raised the issue on direct appeal.")

*Anderson*, 2026-Ohio-104, ¶ 13-17 (7th Dist.).

**{¶8}** Upon consideration of the App.R. 26(A) application filed in the present matter, it is apparent that Appellant has not demonstrated any obvious errors or raised any issues that were not adequately addressed in our previous opinion. This court is not persuaded that we erred as a matter of law.

**{¶9}** An application for reconsideration is not designed to be used in situations wherein a party simply disagrees with the logic employed or the conclusions reached by an appellate court. *Owens,* 112 Ohio App.3d at 336. App.R. 26(A) is meant to provide a mechanism by which a party may prevent a miscarriage of justice that could arise when an appellate court makes an obvious error or renders a decision that is not supported by the law. *Id.* Appellant has made no such demonstration.

**{¶10}** For the foregoing reasons, Appellant's pro se application for reconsideration is hereby denied.

**JUDGE KATELYN DICKEY**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**

Case No. 25 MO 0005