[Cite as *State v. Anderson*, 2026-Ohio-550.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MONROE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRIAN L. ANDERSON,

Defendant-Appellant.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 25 MO 0005

---

Motion to Certify Conflict

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. James L. Peters*, Monroe County Prosecutor, for Plaintiff-Appellee (No Response Filed) and

Brian L. Anderson, Defendant-Appellant.

Dated: February 18, 2026

**PER CURIAM.**

{¶1} On January 30, 2026, pro se Appellant, Brian L. Anderson, filed a motion pursuant to App.R. 25 to certify this case to the Supreme Court of Ohio on the basis of a conflict. Appellant asserts this court's decision in *State v. Anderson*, 2026-Ohio-104 (7th Dist.) is in conflict with a decision of the Eighth District Court of Appeals, *State v. Nicholson*, 2025-Ohio-5411 (8th Dist.). Appellee, the State of Ohio, did not file a response.

{¶2} App.R. 25, "Motion to certify a conflict," states in part:

> (A) A motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio Constitution *shall be made in writing no later than ten days after* the clerk has both mailed to the parties the judgment or order of the court that creates a conflict with a judgment or order of another court of appeals and made note on the docket of the mailing, as required by App. R. 30(A). . . . A motion under this rule *shall specify the issue proposed for certification* and shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed.

(Emphasis added). App.R. 25(A).

{¶3} This court decided Appellant's appeal and filed our judgment on Wednesday, January 14, 2026. *Anderson*, 2026-Ohio-104 (7th Dist.). The clerk hand delivered copies of the judgment to the prosecutor and trial judge and mailed a copy of the judgment to Appellant that same date. The clerk also made a note on the docket of the hand deliveries and the mailing via regular U.S. mail to Appellant that same date. Thus, Appellant's motion to certify a conflict was to be filed no later than Monday, January 26, 2026 (because the tenth day, January 24, 2026, was a Saturday). However, Appellant did not file his motion to certify a conflict until Friday, January 30, 2026, four days beyond the ten-day timeframe under App.R. 25(A). Therefore, Appellant's motion is untimely.

{¶4} We may not grant an enlargement of time for filing a motion to certify a conflict. App.R. 14(B) ("The court may not enlarge . . . the time for filing . . . a motion to

Case No. 25 MO 0005

certify pursuant to App.R. 25); *Grange Ins. Co. v. Swearengen*, 2022-Ohio-929 (7th Dist.) (untimely motion to certify a conflict denied).  Even assuming the motion were timely filed, Appellant fails to comply with the requirement in App.R. 25(A) because he did not "specify the issue proposed for certification" in his motion.  *See* (1/30/2026 Appellant's Motion to Certify a Conflict, p. 1-2).

{¶5}    Accordingly, Appellant's untimely pro se motion to certify a conflict is hereby denied.

**JUDGE KATELYN DICKEY**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 25 MO 0005