[Cite as *State v. Smith*, 2019-Ohio-4501.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

SAMMIE SMITH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0064**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2009 CR 1197

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor*, and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Sammie Smith,* Pro Se, #604-140, Ross Correctional Institution, 16149 State Route 104, P. O. Box 7010, Chillicothe, Ohio 45601, Defendant-Appellant.

Dated: October 28, 2019

_____

**D'Apolito, J.**

{¶1}    Pro se Appellant, Sammie Smith, appeals from the May 16, 2019 judgment of the Mahoning County Court of Common Pleas, dismissing his second pro se petition for postconviction relief without a hearing.  On appeal, Appellant again asserts that his trial counsel was ineffective and that the trial court should have held a hearing on his latest petition.  The record indicates that Appellant's second petition for postconviction relief was untimely filed and his claims barred by principles of res judicata.  Accordingly, the trial court properly dismissed Appellant's second petition without a hearing and the judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

{¶2}    This court set forth the facts and procedural history underlying Appellant's first pro se petition for postconviction relief, filed in April 2012, in *State v. Smith*, 7th Dist. Mahoning No. 17 MA 0041, 2017-Ohio-7770:

> Smith was convicted [in August 2011] of multiple counts of aggravated burglary, robbery and rape with attached repeat violent offender specifications. The indictment and convictions arose from a home invasion lasting over an hour wherein Smith dragged the victim from her bed where she had been sleeping with her two year old child and subjected her to multiple sex acts, locking her in a closet for a time, stealing money from the victim and her son, and then forcing her to bathe before he left. *State v. Smith*, 7th Dist. No. 11 MA 0120, 2013-Ohio-756, ¶ 3-15 (*Smith I*).

> In his direct appeal, Smith's convictions were upheld as well as parts of his sentence. His sentences for two repeat violent offender specifications were reversed and the concurrent sentences imposed on the merged aggravated burglary and robbery counts were reversed and remanded for a limited resentencing hearing for the state to elect which offense it would ask the

<u>Case No. 19 MA 0064</u>

trial court to impose a sentence. *Id.*, ¶ 150.[1] Smith's appeal to the Ohio Supreme Court was dismissed as having been improvidently granted.

While his direct appeal was pending, Smith, through the office of the public defender, filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" and attached two affidavits. Smith, pro se, supplemented this petition five times. Together, these pleadings asserted multiple grounds and in general argued ineffective assistance of counsel regarding the questioning of State witnesses Michael Cariola and Brenda Gerardi and the inability to speak with representatives from Bode Technology. The State opposed Smith's petition with a motion for judgment on the pleadings, contending Smith failed to support the petition with competent, credible evidence dehors the record. Noting it had not been served with Smith's petition as required by statute, the State conceded the petition was timely.

The public defender's office filed a response to the State's motion for judgment on the pleadings, conceding that Smith's Confrontation Clause claims had been rejected by this court in his direct appeal in *Smith I*. Subsequently the public defender's office moved to withdraw from representation due to irreconcilable differences with Smith on how to proceed.

The trial court denied the petition and pro se supplements noting that Smith did not demonstrate a denial or infringement of his Constitutional rights or assert facts that provide substantive grounds for relief.

*Id.* at ¶ 2-6.

**{¶3}** Appellant filed another appeal with this court, Case No. 17 MA 0041, alleging that the trial court erred in dismissing his pro se petition for postconviction relief and supplements without a hearing concerning ineffective assistance of counsel. This court affirmed the trial court's judgment finding that Appellant's petition was not supported

---

[1] The trial court later held a limited re-sentencing hearing which only affected one count.

by competent, credible evidence and that the issues were barred by res judicata. *Smith*, 2017-Ohio-7770, ¶ 15.

{¶4} On April 24, 2019, Appellant filed a second pro se petition for postconviction relief. On May 16, 2019 the trial court dismissed Appellant's second petition without a hearing as it was untimely filed under R.C. 2953.21 and 2953.23. Appellant filed the instant appeal and raises two assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION AND MADE A (SIC) ERROR IN JUDGMENT WHEN THE COURT DISMISSED THE POSTCONVICTION PETITION FILED APRIL 24, 2019 AS UNTIMELY.**

## ASSIGNMENT OF ERROR NO. 2

**INEFFECTIVE ASSISTANCE OF COUNSEL, COUNSEL FAILED TO FULLY DEVELOP THE DEFENSE THEORY, AND ACTUAL INNOCENCE. 6 AMENDMENT, 14 AMENDMENT, DUE PROCESS, U.S. CONSTITUTION.**

Post-conviction relief is a collateral civil attack on a criminal judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67. R.C. 2953.21 through R.C. 2953.23 govern petitions for post-conviction and provide that "any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside to the judgment and sentence." *State v. Martin*, 7th Dist. No. 12 MA 167, 2013-Ohio-2881, ¶ 13.

We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction relief petition without a hearing. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may

have reached a different result is not enough." *State v. Dixon*, 7th Dist. No. 10 MA 185, 2013-Ohio-2951, ¶ 21.

> "(P)ursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 291, 1999-Ohio-102, 714 N.E.2d 905. Substantive grounds for relief exist where there was a denial or infringement of the petitioner's constitutional rights so as to render the judgment void or voidable. *State v. Cornwell*, 7th Dist. No. 00-CA-217, 2002-Ohio-5177, ¶ 25.

*Smith*, 2017-Ohio-7770, ¶ 8-10.

**{¶5}** "A postconviction petition may also be dismissed without a hearing where the claims are barred by res judicata." *State v. West*, 7th Dist. Jefferson No. 07 JE 26, 2009-Ohio-3347, ¶ 24. Res judicata bars any claim or defense that was raised or could have been raised in an earlier proceeding:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 180-181, 226 N.E.2d 104 (1967).

**{¶6}** A petition for postconviction relief must be filed within the statutorily prescribed time. R.C. 2953.21(A)(2) (a postconviction petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction.")

**{¶7}** Relevant to the instant appeal, when a postconviction petition is a second or successive petition, R.C. 2953.23(A) prohibits the court from entertaining the petition

absent of a showing by the petitioner that he was unavoidably prevented from discovering the facts upon which his claim for relief is based or that there is a new state or federal right that applies retroactively to his situation. R.C. 2953.23(A)(1)(a). The petitioner must further show by clear and convincing evidence that, "but for constitutional error at trial, no reasonable fact finder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b). Unless the defendant fulfills the statutory requirements in R.C. 2953.23(A), the trial court lacks jurisdiction to consider a second or successive petition for postconviction relief. *State v. Staffrey*, 7th Dist. Mahoning No. 18 MA 0061, 2018-Ohio-4916, ¶ 14.

{¶8} Likewise, "[t]he doctrine of res judicata excludes subsequent actions or postconviction petitions involving the same legal theory of recovery as the previous action or petition, as well as claims which could have been presented in the first action or postconviction petition." *State v. Paige*, 7th Dist. Mahoning No. 17 MA 0146, 2018-Ohio-2782, ¶ 19, citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169, syllabus (1982). In other words, res judicata bars claims that could have been raised on direct appeal or any previous post-judgment motions.

{¶9} In this case, Appellant filed his second pro se petition for postconviction relief 8 years after his conviction and 7 years after his first pro se petition. Therefore, unless Appellant can demonstrate an exception entitling him to relief, his second petition is untimely and the trial court was without jurisdiction to consider it.

{¶10} Appellant does not establish that he was unavoidably prevented from discovery of the facts upon which he bases his claims or that there is a new state or federal right that applies to his situation. Thus, Appellant's second petition does not meet the exceptions for an untimely petition set forth in R.C. 2953.23, and as a result, the trial court was without jurisdiction to consider the claims raised within.

{¶11} Additionally, all of Appellant's claims were raised, or could have been raised on direct appeal or in his first petition for postconviction relief. They are, therefore, barred by res judicata. *See Perry, supra,* at 180-181. Because Appellant's second petition for postconviction relief was untimely filed and his claims barred by principles of res judicata, the trial court properly dismissed the petition without a hearing.

**{¶12}** Accordingly, Appellant's first and second assignments of error are without merit.

## CONCLUSION

**{¶13}** For the foregoing reasons, Appellant's assignments of error are not well-taken. The judgment of the Mahoning County Court of Common Pleas, dismissing Appellant's second pro se petition for postconviction relief without a hearing, is affirmed.

Donofrio, J., concurs.

Waite, P.J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**