[Cite as *State v. Smith*, 2026-Ohio-1531.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

SAMMIE SMITH, JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0110**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2009 CR 01197

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Nils Peter Johnson*, Special Prosecuting Attorney, for Plaintiff-Appellee and

Sammie Smith, Jr., Defendant-Appellant.

Dated:  April 28, 2026

**DICKEY, J.**

{¶1} Pro se Appellant, Sammie Smith, Jr., appeals from the November 5, 2025 judgment of the Mahoning County Court of Common Pleas dismissing without a hearing his untimely third pro se petition for postconviction relief, captioned "Motion for leave to file a motion for a new trial pursuant to C.R. 33B," which cited to and relied on R.C. 2953.21, "Petition for postconviction relief; discovery." On appeal, Appellant raises three assignments of error: (1) the trial court erred in mischaracterizing his motion for a new trial as a petition for postconviction relief; (2) the court erred in dismissing his motion because he believes the record reveals Appellee, the State of Ohio, withheld evidence; and (3) the court erred in dismissing his motion as untimely. Because Appellant's third pro se petition was untimely filed, no exception entitling him to relief was demonstrated, his claims are barred by principles of res judicata, and there are additionally no substantive, supporting grounds, the trial court did not abuse its discretion in reviewing his motion as a petition for postconviction relief and dismissing it without a hearing. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} This court set forth the relevant facts and procedural history underlying this matter in Appellant's first pro se petition for postconviction relief in *State v. Smith*, 2017-Ohio-7770, ¶ 2-6 (7th Dist.):

> Smith was convicted [in August 2011] of multiple counts of aggravated burglary, robbery and rape with attached repeat violent offender specifications. The indictment and convictions arose from a home invasion lasting over an hour wherein Smith dragged the victim from her bed where she had been sleeping with her two year old child and subjected her to multiple sex acts, locking her in a closet for a time, stealing money from the victim and her son, and then forcing her to bathe before he left. *State v. Smith*, 7th Dist. No. 11 MA 0120, 2013-Ohio-756, ¶ 3-15 (*Smith I*).

In his direct appeal, Smith's convictions were upheld as well as parts of his sentence. His sentences for two repeat violent offender specifications were reversed and the concurrent sentences imposed on the merged aggravated burglary and robbery counts were reversed and remanded for a limited resentencing hearing for the state to elect which offense it would ask the trial court to impose a sentence. *Id.*, ¶ 150. Smith's appeal to the Ohio Supreme Court was dismissed as having been improvidently granted.

While his direct appeal was pending, Smith, through the office of the public defender, filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" and attached two affidavits. Smith, pro se, supplemented this petition five times. Together, these pleadings asserted multiple grounds and in general argued ineffective assistance of counsel regarding the questioning of State witnesses Michael Cariola and Brenda Gerardi and the inability to speak with representatives from Bode Technology. The State opposed Smith's petition with a motion for judgment on the pleadings, contending Smith failed to support the petition with competent, credible evidence dehors the record. Noting it had not been served with Smith's petition as required by statute, the State conceded the petition was timely.

The public defender's office filed a response to the State's motion for judgment on the pleadings, conceding that Smith's Confrontation Clause claims had been rejected by this court in his direct appeal in *Smith I*. Subsequently the public defender's office moved to withdraw from representation due to irreconcilable differences with Smith on how to proceed.

The trial court denied the petition and pro se supplements noting that Smith did not demonstrate a denial or infringement of his Constitutional rights or assert facts that provide substantive grounds for relief.

*Smith*, 2017-Ohio-7770, at ¶ 2-6 (7th Dist.) (First Pro Se Petition for Postconviction Relief Appeal); *see also State v. Smith*, 2019-Ohio-4501, ¶ 2 (7th Dist.) (Second Pro Se Petition for Postconviction Relief Appeal).

**{¶3}** At issue here, on August 5, 2025, Appellant filed an untimely third pro se petition for postconviction relief, captioned "Motion for leave to file a motion for a new trial pursuant to C.R. 33B," which cited to and relied on R.C. 2953.21, "Petition for postconviction relief; discovery." Appellant raised two claims involving *Brady v. Maryland*, 373 U.S. 83 (1963) violations. On November 3, 2025, the State filed a response indicating that because Appellant's motion relies on R.C. 2953.21, it should be dismissed as untimely.

**{¶4}** On November 5, 2025, the trial court agreed with the State and dismissed without a hearing Appellant's untimely third pro se petition for postconviction relief.

**{¶5}** Appellant filed the instant pro se appeal, Case No. 25 MA 0110, and raises three assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ABUSED ITS DISCRETION AND MADE AN ERROR IN CLEARLY ESTABLISHED LAW, WHEN THE COURT MISCHARACTERIZED A MOTION FOR LEAVE TO FILE A MOTION FOR A NEW TRIAL PURSUANT TO CRIM.R. 33(B) AS A 2953.21 PETITION FOR POST CONVICTION RELIEF.**

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE MOTION FOR LEAVE TO FILE A CRIM.R. 33(B) MOTION FOR A NEW TRIAL BECAUSE THE SUPPORTING EXHIBIT SHOWS THAT THE PROSECUTOR AND BCI WITHHELD THE EVIDENCE THAT THE DEFENDANT RELIED ON TO SEEK LEAVE.**

## ASSIGNMENT OF ERROR NO. 3

**THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN LAW, WHEN THE COURT OVERRULED THE MOTION FOR LEAVE TO FILE A MOTION FOR A NEW TRIAL PURSUANT TO CRIM.R. 33(B) AS UNTIMELY.**

{¶6} In his first assignment of error, Appellant argues the trial court erred in mischaracterizing his motion for a new trial as a petition for postconviction relief. In his second assignment of error, Appellant contends the court erred in dismissing his motion because he believes the record reveals the State withheld evidence. In his third assignment of error, Appellant asserts the court erred in dismissing his motion as untimely. Because Appellant's assignments are interrelated, we will address them together for ease of discussion.

{¶7} Appellant's August 5, 2025 pro se "Motion for leave to file a motion for a new trial pursuant to C.R. 33B" cited to and relied on R.C. 2953.21, "Petition for postconviction relief; discovery." As such, the trial court did not abuse its discretion in reviewing Appellant's motion as a petition for postconviction relief. *See, e.g., State v. Clark*, 2017-Ohio-120, ¶ 5, 13, 16-17 (2d Dist.).

Post-conviction relief is a collateral civil attack on a criminal judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67. R.C. 2953.21 through R.C. 2953.23 govern petitions for post-conviction and provide that "any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside the judgment and sentence." *State v. Martin*, 7th Dist. No. 12 MA 167, 2013-Ohio-2881, ¶ 13.

We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction relief petition without a hearing. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. "Abuse of discretion means an error in judgment involving a

decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon*, 7th Dist. No. 10 MA 185, 2013-Ohio-2951, ¶ 21.

"[P]ursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 291, 1999-Ohio-102, 714 N.E.2d 905. Substantive grounds for relief exist where there was a denial or infringement of the petitioner's constitutional rights so as to render the judgment void or voidable. *State v. Cornwell*, 7th Dist. No. 00-CA-217, 2002-Ohio-5177, ¶ 25.

*Smith*, 2017-Ohio-7770, at ¶ 8-10 (7th Dist.).

**{¶8}** Here, Appellant failed to attach credible evidence to support his assertions. Appellant has further failed to show that if his claims are proven, the result of the trial would have been different. Thus, the trial court did not abuse its discretion in dismissing without a hearing Appellant's third pro se petition for postconviction relief. *See Calhoun* at 291.

**{¶9}** "A postconviction petition may also be dismissed without a hearing where the claims are barred by res judicata." *State v. West*, 2009-Ohio-3347, ¶ 24 (7th Dist.). Res judicata bars any claim or defense that was raised or could have been raised in an earlier proceeding:

Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*Smith*, 2019-Ohio-4501, at ¶ 5 (7th Dist.), quoting *State v. Perry*, 10 Ohio St.2d 175, 180 (1967).

**{¶10}** "'[R]es judicata bars claims that could have been raised on direct appeal or any previous post-judgment motions.'" *State v. Anderson*, 2024-Ohio-2704, ¶ 13 (7th Dist.), quoting *Smith*, 2019-Ohio-4501, at ¶ 8 (7th Dist.).

**{¶11}** Like his second pro se petition, Appellant's third request for postconviction relief is also untimely.

> [A] petition for postconviction relief must be filed within the statutorily prescribed time. R.C. 2953.21(A)(2)(a) states a postconviction petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction . . ."
>
> R.C. 2953.23 provides an exception to the 365-day requirement. According to R.C. 2953.23(A)(1), a petitioner may file a delayed petition only if both of the following subsections apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . .
>
> R.C. 2953.23(A)(1)(a)-(b).

*Anderson*, 2024-Ohio-2704, at ¶ 15-16 (7th Dist.).

{¶12} In this case, the record establishes the trial transcripts were filed in Appellant's direct appeal on October 25, 2011. Appellant did not file the third pro se postconviction petition at issue until August 5, 2025, almost 14 years after the trial transcripts were filed in the direct appeal and well beyond the 365-day deadline. *See* R.C. 2953.21(A)(2)(a). Thus, Appellant's petition was untimely filed. Therefore, unless Appellant can demonstrate an exception entitling him to relief, his petition is untimely and the trial court was without jurisdiction to consider it. *See* R.C. 2953.23(A)(1)(a)-(b).

{¶13} Upon review, Appellant fails to demonstrate an exception for the delay under R.C. 2953.23. Appellant does not establish that he was unavoidably prevented from discovery of the facts upon which he bases his claims or that there is a new state or federal right that applies to his situation. *See* R.C. 2953.23(A)(1)(a).

{¶14} Appellant's third pro se petition for postconviction relief identifies the standard operation procedure file of the laboratory (the "SOP File") as the critical fact withheld from him that, if delivered and relied upon, would provide him with an avenue for postconviction relief under R.C. 2953.23(A)(1)(a). Appellant notes that the SOP File was not delivered to him upon request. However, Appellant included as an exhibit with his filing a "Supplemental Discovery" notice filed by the State on May 27, 2010, indicating the "Laboratory Protocol" was "available [to him] at any time for [his] inspection, copying, viewing, etc." (5/27/2010 "Supplemental Discovery"). Appellant's petition and accompanying affidavit do not explain what efforts he or his counsel made to actually inspect, copy, or view the SOP File prior to trial or otherwise indicate how he was unavoidably prevented from learning its contents between the time he became aware of its availability for inspection (May 27, 2010) and the commencement of trial (January 4, 2011).

{¶15} Appellant also does not establish by clear and convincing evidence that, but for a constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. *See* R.C. 2953.23(A)(1)(b).

{¶16} Appellant's argument in his third pro se petition for postconviction relief appears to be based on two premises: (1) the State's failure to disclose the SOP File violates *Brady*; and (2) if the SOP File were disclosed, it would have revealed processes that could have been used in a *Daubert* hearing as the basis for excluding expert

Case No. 25 MA 0110

testimony concerning DNA evidence analysis. Both of these claims rely on the assumption that the State failed to disclose the SOP File to Appellant. However, as addressed, the State made the SOP File available for Appellant's inspection, copying, and viewing over seven months prior to trial. Appellant's petition does not describe any attempts he or his counsel made to actually inspect the SOP File to support his assertion that it was withheld from them within the context of *Brady.* Appellant fails to show how the SOP File would have led to his exoneration.

{¶17} Thus, Appellant's third pro se petition for postconviction relief does not meet the exceptions for an untimely petition set forth in R.C. 2953.23, and as a result, the trial court was without jurisdiction to consider the claims raised within. As stated, even assuming arguendo that Appellant's petition was timely filed or that it satisfied R.C. 2953.21 or 2953.23, the petition failed to state substantive grounds for relief. Also, Appellant's claims were raised or could have been raised on direct appeal or in his prior petitions for postconviction relief. They are, therefore, barred by res judicata. *See Perry,* 10 Ohio St.2d at 180-181.

{¶18} Because Appellant's third pro se petition was untimely filed, no exception entitling him to relief was demonstrated, his claims are barred by principles of res judicata, and there are additionally no substantive, supporting grounds, the trial court did not abuse its discretion in reviewing his motion as a petition for postconviction relief and dismissing it without a hearing.

{¶19} Appellant's first, second, and third assignments of error are without merit.

## CONCLUSION

{¶20} For the foregoing reasons, Appellant's assignments of error are not well-taken. The November 5, 2025 judgment of the Mahoning County Court of Common Pleas dismissing without a hearing Appellant's untimely third pro se petition for postconviction relief, captioned "Motion for leave to file a motion for a new trial pursuant to C.R. 33B," which cited to and relied on R.C. 2953.21, "Petition for postconviction relief; discovery," is affirmed.

Waite, P.J., concurs.

Hanni, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**