[Cite as *State v. Smith*, 2026-Ohio-2147.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

SAMMIE SMITH, JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0110**

---

Application for Reconsideration

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Nils Peter Johnson,* Special Prosecuting Attorney, for Plaintiff-Appellee and

Sammie Smith, Jr., Defendant-Appellant.

Dated: June 5, 2026

**PER CURIAM.**

{¶1} On May 12, 2026, pro se Appellant, Sammie Smith, Jr., filed an application requesting that this court reconsider our decision in *State v. Smith*, 2026-Ohio-1531 (7th Dist.), in which we affirmed the November 5, 2025 judgment of the Mahoning County Court of Common Pleas dismissing without a hearing his untimely third pro se petition for postconviction relief, captioned "Motion for leave to file a motion for a new trial pursuant to C.R. 33B," which cited to and relied on R.C. 2953.21, "Petition for postconviction relief; discovery."

{¶2} In that appeal, Appellant raised three assignments of error: (1) the trial court erred in mischaracterizing his motion for a new trial as a petition for postconviction relief; (2) the court erred in dismissing his motion because he believes the record reveals Appellee, the State of Ohio, withheld evidence; and (3) the court erred in dismissing his motion as untimely. *Smith* at ¶ 1, 5. This court held because Appellant's third pro se petition was untimely filed, no exception entitling him to relief was demonstrated, his claims are barred by principles of res judicata, and there are additionally no substantive, supporting grounds, the trial court did not abuse its discretion in reviewing his motion as a petition for postconviction relief and dismissing it without a hearing. *Id.* at ¶ 1, 18.

{¶3} Appellant contends this court's decision was in error and that we should, therefore, reconsider the opinion pursuant to App.R. 26(A). The State filed a response on May 20, 2026.

{¶4} An application for reconsideration must be filed within ten days of an appellate court's judgment. App.R. 26(A)(1)(a). However, a delayed application for reconsideration pursuant to App.R. 26(A) is permitted if the moving party can establish "extraordinary circumstances." App.R. 14(B). "Extraordinary circumstances" is defined as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event." *Black's Law Dictionary* (12th Ed. 2024).

{¶5} This court decided Appellant's appeal and filed our judgment on Tuesday, April 28, 2026. *Smith*, 2026-Ohio-1531 (7th Dist.). The clerk mailed copies of the judgment via regular U.S. mail to the prosecutor and Appellant that same date and a certified copy was placed in the trial court judge's box. The clerk also made a note on the docket of the deliveries that same date. Thus, Appellant's application for reconsideration

was to be filed no later than Friday, May 8, 2026.  However, Appellant did not file his application for reconsideration until Tuesday, May 12, 2026, four days beyond the ten-day timeframe under App.R. 26(A)(1)(a).  Appellant fails to establish "extraordinary circumstances."  In addition, we find no obvious error in this court's decision.

> App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist. 1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist. 1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

*D.G. v. M.G.G.*, 2019-Ohio-1190, ¶ 2 (7th Dist.).

{¶6}  In his pro se application, Appellant disagrees with this court's analysis and requests that we reconsider our decision.  It appears Appellant takes issue with discovery violations involving *Brady v. Maryland*, 373 U.S. 83 (1963).

{¶7}  In *Smith*, we addressed Appellant's discovery violations involving *Brady* in detail as follows:

> Appellant's third pro se petition for postconviction relief identifies the standard operation procedure file of the laboratory (the "SOP File") as the critical fact withheld from him that, if delivered and relied upon, would provide him with an avenue for postconviction relief under R.C.

Case No. 25 MA 0110

2953.23(A)(1)(a). Appellant notes that the SOP File was not delivered to him upon request. However, Appellant included as an exhibit with his filing a "Supplemental Discovery" notice filed by the State on May 27, 2010, indicating the "Laboratory Protocol" was "available (to him) at any time for (his) inspection, copying, viewing, etc." (5/27/2010 "Supplemental Discovery"). Appellant's petition and accompanying affidavit do not explain what efforts he or his counsel made to actually inspect, copy, or view the SOP File prior to trial or otherwise indicate how he was unavoidably prevented from learning its contents between the time he became aware of its availability for inspection (May 27, 2010) and the commencement of trial (January 4, 2011).

Appellant also does not establish by clear and convincing evidence that, but for a constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. *See* R.C. 2953.23(A)(1)(b).

Appellant's argument in his third pro se petition for postconviction relief appears to be based on two premises: (1) the State's failure to disclose the SOP File violates *Brady*; and (2) if the SOP File were disclosed, it would have revealed processes that could have been used in a *Daubert* hearing as the basis for excluding expert testimony concerning DNA evidence analysis. Both of these claims rely on the assumption that the State failed to disclose the SOP File to Appellant. However, as addressed, the State made the SOP File available for Appellant's inspection, copying, and viewing over seven months prior to trial. Appellant's petition does not describe any attempts he or his counsel made to actually inspect the SOP File to support his assertion that it was withheld from them within the context of *Brady.* Appellant fails to show how the SOP File would have led to his exoneration.

Thus, Appellant's third pro se petition for postconviction relief does not meet the exceptions for an untimely petition set forth in R.C. 2953.23, and as a result, the trial court was without jurisdiction to consider the claims raised within. As stated, even assuming arguendo that Appellant's petition was timely filed or that it satisfied R.C. 2953.21 or 2953.23, the petition failed to state substantive grounds for relief. Also, Appellant's claims were raised or could have been raised on direct appeal or in his prior petitions for postconviction relief. They are, therefore, barred by res judicata. *See* [*State v.*] *Perry,* 10 Ohio St.2d [175,] . . . 180-181 [(1967)].

Because Appellant's third pro se petition was untimely filed, no exception entitling him to relief was demonstrated, his claims are barred by principles of res judicata, and there are additionally no substantive, supporting grounds, the trial court did not abuse its discretion in reviewing his motion as a petition for postconviction relief and dismissing it without a hearing.

*Smith*, 2026-Ohio-1531, at ¶ 14-18 (7th Dist.).

**{¶8}** Upon consideration of the App.R. 26(A) application filed in the present matter, it is apparent that Appellant has not demonstrated any obvious errors or raised any issues that were not adequately addressed in our previous opinion. This court is not persuaded that we erred as a matter of law.

**{¶9}** An application for reconsideration is not designed to be used in situations wherein a party simply disagrees with the logic employed or the conclusions reached by an appellate court. *Owens,* 112 Ohio App.3d at 336. App.R. 26(A) is meant to provide a mechanism by which a party may prevent a miscarriage of justice that could arise when an appellate court makes an obvious error or renders a decision that is not supported by the law. *Id.* Appellant has made no such demonstration.

**{¶10}** For the foregoing reasons, Appellant's pro se application for reconsideration is hereby denied.

Case No. 25 MA 0110

**JUDGE KATELYN DICKEY**

**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

TO THE CLERK: PLEASE SERVE COPIES OF THIS ORDER TO ALL COUNSEL OF RECORD AND ANY SELF-REPRESENTED PARTIES

Case No. 25 MA 0110