[Cite as *State v. Smith*, 2026-Ohio-2146.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

SAMMIE SMITH, JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0110**

---

Motion to Certify Conflict

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Nils Peter Johnson,* Special Prosecuting Attorney, for Plaintiff-Appellee and

Sammie Smith, Jr., Defendant-Appellant.

Dated: June 5, 2026

**PER CURIAM.**

{¶1} On May 12, 2026, pro se Appellant, Sammie Smith, Jr., filed a motion pursuant to App.R. 25 to certify this case to the Supreme Court of Ohio on the basis of a conflict. Appellant asserts this court's decision in *State v. Smith*, 2026-Ohio-1531 (7th Dist.) is in conflict with a decision of the Sixth District Court of Appeals, *State v. Jury*, 2022-Ohio-4419 (6th Dist.). Appellee, the State of Ohio, filed a response on May 20, 2026.

{¶2} App.R. 25, "Motion to certify a conflict," states in part:

> (A) A motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio Constitution *shall be made in writing no later than ten days after* the clerk has both mailed to the parties the judgment or order of the court that creates a conflict with a judgment or order of another court of appeals and made note on the docket of the mailing, as required by App. R. 30(A). . . . A motion under this rule shall specify the issue proposed for certification and shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed.

(Emphasis added). App.R. 25(A).

{¶3} This court decided Appellant's appeal and filed our judgment on Tuesday, April 28, 2026. *Smith*, 2026-Ohio-1531 (7th Dist.). The clerk mailed copies of the judgment via regular U.S. mail to the prosecutor and Appellant that same date and a certified copy was placed in the trial court judge's box. The clerk also made a note on the docket of the deliveries that same date. Thus, Appellant's motion to certify a conflict was to be filed no later than Friday, May 8, 2026. However, Appellant did not file his motion to certify a conflict until Tuesday, May 12, 2026, four days beyond the ten-day timeframe under App.R. 25(A). Therefore, Appellant's motion is untimely.

{¶4} We may not grant an enlargement of time for filing a motion to certify a conflict. App.R. 14(B) ("The court may not enlarge . . . the time for filing . . . a motion to certify pursuant to App.R. 25); *Grange Ins. Co. v. Swearengen*, 2022-Ohio-929 (7th Dist.) (untimely motion to certify a conflict denied).

Case No. 25 MA 0110

**{¶5}** Even assuming arguendo that Appellant's motion was timely filed, we fail to find a conflict.

**{¶6}** Article IV, Section 3, "Organization and jurisdiction of courts of appeals," states in part:

> Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination.

Ohio Const. article IV, § 3(B)(4).

> Hence, the following conditions must be met before and during certification pursuant to Section 3(B)(4), Article IV of the Ohio Constitution:

> First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law – not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals. (Emphasis deleted.)

> *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 613 N.E.2d 1032, (1993), paragraph one of the syllabus. In addition, the issue proposed for certification must be dispositive of the case. *State ex rel. Davet v. Sutula*, 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 2.

> "Factual distinctions between cases do not serve as a basis for conflict certification." *Id.* at 599. In *Whitelock*, the Ohio Supreme Court dismissed the appeal on the grounds that the conflict was improperly certified and urged appellate courts to certify "only those cases where there is a true and actual conflict on a rule of law." *Id.*

*State v. Rice*, 2022-Ohio-4176, ¶ 4-5 (7th Dist.).

{¶7}   Appellant cites one judgment alleged to be in conflict with the judgment of this court.  *Smith*, 2026-Ohio-1531 (7th Dist.); (5/12/2026 Appellant's Pro Se Motion to Certify a Conflict, p. 1); *Jury*, 2022-Ohio-4419 (6th Dist.).  Appellant also specifies one issue proposed for certification pursuant to App.R. 25(A): "[C]an a motion for leave pursuant to Crim.R. 33(B) be recast into a petition for post-conviction relief pursuant to R.C. 2953.21?"  (5/12/2026 Appellant's Pro Se Motion to Certify a Conflict, p. 2).  Appellant believes he filed and argued a Crim.R. 33(B) motion for new trial and that the trial court incorrectly "recast" that motion into an R.C. 2953.21 petition for postconviction relief.

{¶8}   In *Smith*, we stated: "At issue here, on August 5, 2025, Appellant filed an untimely third pro se petition for postconviction relief, *captioned* 'Motion for leave to file a motion for a new trial pursuant to C.R. 33B,' which *cited to and relied on* R.C. 2953.21, 'Petition for postconviction relief; discovery.'"  (Emphasis added).  *Smith* at ¶ 3.  "On November 3, 2025, the State filed a response indicating that because Appellant's motion relies on R.C. 2953.21, it should be dismissed as untimely."  *Id.*  "On November 5, 2025, the trial court agreed with the State and dismissed without a hearing Appellant's untimely third pro se petition for postconviction relief."  *Id.* at ¶ 4.

{¶9}   In affirming the trial court's judgment, this court held that because "Appellant's August 5, 2025 pro se 'Motion for leave to file a motion for a new trial pursuant to C.R. 33B' cited to and relied on R.C. 2953.21, 'Petition for postconviction relief; discovery[,]' . . . the trial court did not abuse its discretion in reviewing Appellant's motion as a petition for postconviction relief."  *Id.* at ¶ 7, citing *State v. Clark*, 2017-Ohio-120, ¶ 5, 13, 16-17 (2d Dist.).  This court further found:

> Here, Appellant failed to attach credible evidence to support his assertions. Appellant has further failed to show that if his claims are proven, the result of the trial would have been different. Thus, the trial court did not abuse its discretion in dismissing without a hearing Appellant's third pro se petition for postconviction relief. *See* [*State v.*] *Calhoun*[, 86 Ohio St.3d 279, . . . 291 [(1999)].

*Smith* at ¶ 8.

**{¶10}** Appellant believes this court's decision in *Smith* is in conflict with a decision of the Sixth District Court of Appeals. Upon review, we disagree.

**{¶11}** The Sixth District in *Jury* affirmed the trial court's decision in a rape, felonious assault, and abduction case following a jury trial. *Jury*, 2022-Ohio-4419, at ¶ 2 (6th Dist.). In that criminal case, the appellant argued on appeal that the trial court erred in denying his civil motion brought under Civ.R. 60(B). *Id.* at ¶ 23. The Sixth District stated:

> As a preliminary matter, we find that the trial court correctly recast Jury's motion for relief from judgment as a petition for postconviction relief. Filing a petition for postconviction relief under R.C. 2953.21 "is the *exclusive* remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case . . . ." (Emphasis added.) R.C. 2953.21(K); *see also State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, 137 N.E.3d 1151, ¶ 33 (lead opinion), citing *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

*Jury* at ¶ 25.

**{¶12}** Thus, the appellant in *Jury* filed a civil motion in a criminal case and the trial court properly recast his Civ.R. 60(B) motion as a petition for postconviction relief under R.C. 2953.21. In the criminal case at bar, however, Appellant did not file a civil motion under Civ.R. 60(B). Rather, as stated, Appellant filed a pro se "Motion for leave to file a motion for a new trial pursuant to C.R. 33B." Despite its caption, Appellant's motion cited to and relied on R.C. 2953.21, "Petition for postconviction relief; discovery."

**{¶13}** In addition, the appellant in *Jury* also filed a Crim.R. 33(B) motion for leave to file a delayed motion for new trial in which he argued there was newly discovered evidence. *Jury* at ¶ 4, 6. In that case, the trial court improperly considered his motion under Crim.R. 33(B) as a postconviction relief petition. *Id.* at ¶ 42. However, the Sixth District found the error was harmless because the appellant could not "show by clear and convincing proof that he was unavoidably prevented from discovering the facts underlying

Case No. 25 MA 0110

his motion within 120 days of his trial." *Id.* Unlike the appellant in *Jury*, Appellant in the instant case did not make any argument under Crim.R. 33(B) despite captioning his motion as a "Motion for leave to file a motion for a new trial pursuant to C.R. 33B." Rather, Appellant cited to and relied on R.C. 2953.21, "Petition for postconviction relief; discovery."

**{¶14}** The facts in *Smith* are different from those in *Jury* and this court did not rule opposite to the holding of the Sixth District on a rule of law. *Smith* does not conflict with *Jury.*

**{¶15}** Upon consideration, Appellant's motion to certify a conflict is untimely. Even assuming arguendo that Appellant's motion were timely filed, we find no conflict between the decision made by this court on April 28, 2026 and the case cited by Appellant from our Sister Court.

**{¶16}** Accordingly, Appellant's untimely pro se motion to certify a conflict is hereby denied.


**JUDGE KATELYN DICKEY**

**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**


<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**

TO THE CLERK: PLEASE SERVE COPIES OF THIS ORDER TO ALL COUNSEL OF RECORD AND ANY SELF-REPRESENTED PARTIES


<u>Case No. 25 MA 0110</u>